It took the property over, not from the plaintiffs, but from the warehouseman who had originally received it; and, having it in its possession with full opportunity for examination, there is nothing unreasonable in holding the defendant to the duty of ascertaining for its own protection whether the articles so received by it were then in the condition complained of. It follows from what has been said that the plaintiffs made out a prima facie case against the defendant, which was entirely unanswered, and judgment should have been rendered in their favor. It was, therefore, error to dismiss the complaint, for which the judgment appealed from must be reversed.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.

---

### HENNESSY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

APPEAL—CONFLICTING EVIDENCE—REVIEW

Where, in an action for injuries to plaintiff, who, while at work on a street pavement near or between the rails of defendant's tracks, stepped aside to allow a wagon to pass, and was struck by one of defendant's cars, the evidence was conflicting as to whether or not the bell was sounded as the car approached, a judgment for plaintiff will not be disturbed on appeal, since the jury must have found that the bell was not rung, which would justify a finding that defendant was negligent, and that plaintiff was not.

Appeal from trial term, Kings county.

Action for injuries by David P. Hennessy against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles A. Collin, for appellant.

Maurice V. Theall (Thomas F. Magner, on the brief), for respondent.

GOODRICH, P. J. The plaintiff, at the time hereinafter referred to, was working as a laborer on the pavement of Third avenue, Brooklyn, near or between the rails of the defendant's road. A wagon came to the place, and there was some conversation with the driver as to his driving or continuing in the track where men were at work. Just as the wagon was passing, a car of the defendant struck the plaintiff so that he was thrown under the wheels of the forward truck, which ran over his leg, and he received an injury which necessitated its amputation. The defendant moved for a dismissal of the complaint, which was refused, and the court submitted the case to the jury in a charge to which there was no exception. A verdict was rendered for $10,000, and the defendant appeals.

The specific allegation of negligence in the complaint is that the plaintiff "was, without notice or warning, struck by a car." As it

appeared that only the front wheels ran over the plaintiff, and that he was picked up between the fore and hind trucks, we may assume that the car was proceeding slowly and was under control. The plaintiff testified that, as the rear of the wagon passed him, he heard a hail from the car to get out of the way. "That was the only warning I had. I did not hear any bell rung. * * * I always heard the bell of every other car that morning as it went by." The driver of the wagon and a bystander testified that they did not hear any bell or signal of the car, and one of the defendant's witnesses, who was working with the plaintiff, testified that he "did not hear any sound of the car till it was on top of me." On the other hand, the motorman testified that he saw the men at work on the pavement, and rang his gong, and proceeded slowly; and he and the conductor, and four other persons not connected with the defendant, testified that the bell was ringing for some time before the accident. Thus we have a state of facts similar to those presented in De Graw v. Railroad Co., 49 App. Div. 29, 63 N. Y Supp. 296. There was evidence from persons so situated as to observe the fact of a failure to ring the bell. This evidence, slight though it may have been, required the submission of the case to the jury, and to refuse such submission would have been error. We must therefore assume that the jury have found that the bell was not rung. If it was not rung, the fact was sufficient to justify a finding that the defendant was negligent, and that the plaintiff was not. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except SEWELL, J., taking no part.