KNEZEVICH v. BUSH TERMINAL CO.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. APPEAL AND ERROR—REVIEW—PRESUMPTIONS—ON NONSUIT.

On appeal after nonsuit at the close of plaintiff's evidence, the most favorable view of the evidence will be taken which a jury might have taken if the case had been submitted to them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3748.]

2. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTION FOR JURY—ASSUMPTION OF RISK—STATUTES.

Plaintiff was engaged in pushing a heavily loaded truck up an inclined track, constructed of planks fastened together. At the upper end of the incline a depression had been worn into the boards some 12 inches in diameter, in which a large nail had been bent over, leaving a bright, smooth surface. As plaintiff reached the nail his foot slipped on it, causing him to fall, and the truck came down upon him, causing the injury sued for. On trial the complaint was dismissed on the ground that plaintiff was guilty of contributory negligence, or that the way was sufficiently lighted to render the danger obvious. *Held* that, the action being under the employer's liability act (Laws 1902, c. 600) for the negligence of a superintendent in not providing suitable ways, which act gives an employé the same right as other persons to recover where the injuries result from a defect in the ways, and provides that the question of whether the employé assumes the risk of injury from such danger or was guilty of contributory negligence shall be one of fact, it was error to dismiss the complaint.

3. SAME.

In an action for injuries while pushing a car up an inclined track, resulting from plaintiff slipping on a bent nail on the track, whether plaintiff assumed the risk of injury therefrom or was guilty of contributory negligence *held* for the jury, even at common law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

Appeal from Trial Term, Kings County.

Action by John Knezevich against the Bush Terminal Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

John H. Regan (Samuel I. Frankenstein, on the brief), for appellant. Carlisle J. Gleason (Abram I. Elkus, on the brief), for respondent.

WOODWARD, J. The complaint was dismissed at the close of plaintiff's evidence, and under well-established rules the latter, on appeal, has a right to have the most favorable view of the evidence which a jury might have found if the case had been submitted to their consideration. Tried by this test we are of opinion that this judgment must be reversed. The action was brought under the employer's liability act, alleging negligence on the part of a superintendent in not providing suitable appliances or ways. The immediate cause of the accident, according to the plaintiff's evidence, was a depression in a runway used in removing copper from a cellar to a platform some 20 inches above the cellar floor. This runway appears to have been constructed of planks 1½ inches in thickness, one laid above the other and the two fastened together, giving a thickness of 3 inches. It was 5 or 6 feet wide, and 12 to 16 feet in length, and at the upper end of the runway the constant use had worn a depression, which at the lowest point appears to have passed through the upper plank. This depression seems to have been about 12 or 15 inches in diameter, saucer-shaped, as it is described by some of the witnesses, and near the deepest point a wire nail, said to be as thick as a pencil, was pounded down even with the wood, leaving a shining, smooth spot in this basin. It is claimed that the plaintiff, in coming out of the cellar with a load of copper on an ordinary hand truck, exerting himself up to his capacity, stepped into this depression, his foot slipped on the imbedded nail, and he fell, the truck coming down upon him, inflicting serious injuries. At the close of plaintiff's case the court granted a motion for a nonsuit, upon the ground that the plaintiff had been guilty of contributory negligence, or had accepted the obvious risk, by reason of the fact that the runway was sufficiently lighted, so that the plaintiff might have seen the defect if he had been in the exercise of reasonable care. The plaintiff appeals from the judgment.

We are of the opinion that the court erred in dismissing the complaint. Under the provisions of the employer's liability act (chapter 600, p. 1748, Laws 1902), where the injury results from "any defect in the condition of the ways, works or machinery connected with or used in the business of the employer which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works or machinery were in proper condition," the employé "shall have the same right of compensation and remedies against the employer as if the employé had not been an employé of nor in the service of the employer nor engaged in his work." And it is further provided that in actions under this statute the "fact that the employé continued in the service of the employer in the same place and course of employment after the discovery by such employé, or after he had been informed, of the danger of personal injury therefrom, shall not, as a matter of law, be considered as an assent by such employé to the existence or continuance of such risks of personal injury therefrom, or as negligence contributing to such injury. The question whether the employé understood and assumed the risk of such injury, or was guilty of contributory negligence, by his continuance in the same place and course of employment with

knowledge of the risk of injury shall be one of fact, subject to the usual powers of the court in a proper case to set aside a verdict rendered contrary to the evidence." In the case at bar the plaintiff was put to work upon this defective runway and was passing over it for the fourth time when the accident occurred. The evidence showed that he was hauling a hand truck, laden with copper, some 600 or 800 pounds in weight; that as he approached the runway an assistant came up behind and pushed the load, it being necessary to overcome the grade to get under rapid motion, and when near the top of the runway this accident occurred, by reason of the plaintiff stepping in this depression. We are unable to understand, under the provisions of the statute, how this case could be disposed of as a matter of law. The power is reserved to the court to set the verdict aside; but it would seem to be the purpose of the Legislature to permit the jury to take into consideration all of the facts and circumstances, and to say whether these were such as to entitle the plaintiff to recover, leaving it for the court to set the verdict aside if the evidence did not justify the verdict.

In this case, however, if we regard it merely as an action at common law, there was a question for the jury. This runway was an appliance. It was the duty of the master to furnish a reasonably safe appliance, and it might be fairly questioned whether this defect was so obvious, under the circumstances disclosed by the evidence, as to warrant the court in holding that the master had performed his duty, or that the plaintiff had accepted the risks, or was guilty of negligence contributing to the accident. The evidence was that the copper was taken from a dark cellar, dimly lighted, and that the light upon this runway came from an open hatchway, the light growing clearer as the top of the runway was approached; but it is a well-known fact that under such conditions the eyes are often not able to adjust themselves readily to changing degrees of light, and it was also in evidence that the day was dark, and that the place was generally in the shadow, and this plaintiff, an ordinary workingman, might, in the exercise of reasonable care, have passed over this place three or four times without observing that it was calculated to expose him to danger. However this may be, it is quite clear that the plaintiff in this action, under the employer's liability act, had a right to go to the jury on the questions of acceptance of the risk and of contributory negligence, and it was error to dismiss the complaint. Clark v. N. Y. C. & H. R. R. R. Co., 191 N. Y. 416, 84 N. E. 397.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.