### OVELSEN v. HOWES TRANSPORTATION & CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department.   June 10, 1910.)

1. MASTER AND SERVANT (§ 217*)—ASSUMPTION OF RISK—RISKS ASSUMED.

   At common law a servant assumes such risks as he actually comprehends and understands, or by exercise of ordinary care should understand.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

2. MASTER AND SERVANT (§ 280*)—INJURIES TO SERVANT—SUFFICIENCY OF EVIDENCE—ASSUMPTION OF RISK.

   In an action for the death of a servant, engaged in placing electrical machinery in position in a building, by the machine slipping over and striking decedent, claimed to have been caused by his foreman's negligence in not attaching guy lines to the derrick to steady it, evidence *held* to sustain a finding that the decedent did not assume the risk.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–986; Dec. Dig. § 280.*]

3. MASTER AND SERVANT (§ 281*)—INJURIES TO SERVANT—SUFFICIENCY OF EVIDENCE—CONTRIBUTORY NEGLIGENCE.

   In an action for the death of a servant, engaged in placing electrical machinery in position in a building, by the machine slipping over and striking decedent, claimed to have been caused by his foreman's negligence in not attaching guy lines to the derrick in order to steady it, evidence *held* to sustain a finding that decedent was not negligent.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

Appeal from Trial Term, Kings County.

Action by Hannah Ovelsen, as administratrix of Charles J. Ovelsen, deceased, against the Howes Transportation & Contracting Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frederick J. Moses, for appellant.
Henry A. Uterhart, for respondent.

CARR, J.  This appeal is from a judgment in favor of the plaintiff for damages caused by the death of one Charles Ovelsen through the alleged negligence of the defendant, who was his employer.  The action was brought under the "Employer's Liability Act" (chapter 600, Laws 1902), and the negligence charged was that of one Jordan, who was the defendant's superintendent in the work in which the plaintiff's decedent, Charles Ovelsen, was engaged when he was· killed by the accident in question.  The decedent was a foreman of a small gang of "riggers" in the employment of the defendant, who were engaged in placing some heavy electrical machinery in position in a building which was in process of construction.  It became necessary to move and place on top of the lower portion of an electrical generator, which had been already set, the upper half, which weighed about five tons.  To do this work, the decedent, Ovelsen, had directed the setting up of a breast derrick, consisting of two uprights and a crosspiece at the top, with a chain tackle, one end of which was lashed to the crosspiece and the other end attached to the piece of machinery which was to be moved.  Before any attempt was made by Ovelsen and his men to move and place this piece of machinery, Jordan, the superintendent, came on the scene.  It was testified that Ovelsen informed Jordan that he thought the work should not go on unless there were guy lines attached to the derrick, in order to steady it and prevent the slipping or falling of the heavy article when it was raised, and asked that a hole be broken through a nearby wall, in order that guy ropes should be run through and attached to some heavy columns in the adjoining room.  The plaintiff's witnesses testified, further, that Jordan refused to have a hole made in the wall, and ordered the work to go on without guy ropes, saying that it was "all right" to do it without the use of guy ropes, and that he would "look after this end of it."  Ovelsen appears to have expressed his dissatisfaction with the situation, but went on with the work as Jordan directed.  He gave orders to the other men to be careful and to proceed with the lifting of the article.  As it was lifted, it slid over, and struck Ovelsen, and crushed him to death.  The negligence charged against the defendant was the act of Jordan in directing the work to be done without the use of guy ropes, which would have prevented or tended to prevent the sliding of the article when it began to be lifted.

Apart from the denial of Jordan that he had ordered the work to proceed without guy ropes, or had given any directions whatever to Ovelsen, the defense was that Ovelsen either assumed the risks of the situation, or was guilty of contributory negligence, or both.  This court is asked to reverse the judgment entered upon the verdict of the jury on two grounds—one arising from a refusal of the court to charge the jury as requested by the defendant, and the other that the verdict was against the weight of evidence, both as to the assumption of the risk by the plaintiff and as to his freedom from contributory negligence.

We shall consider both points in their order.  At the close of the general charge, the trial court was requested to charge as follows:

"That while the law assumes or presumes that the employé assents to those risks and those only which remain after the master has exercised due care and complied with the law, that if the evidence discloses that the employé knew and understood the risks, and if that be proved by the evidence, then the law says that he assumed the risk, even though the master has not exercised due care."

This request the court charged, and then the defendant made a further request as follows:

"I ask your honor to charge, further, that if the jury in this case find that Ovelsen knew and understood the danger of standing where he did stand and giving the orders to these men to go ahead and pull on these chains, then he did assume that risk, even should they find that the danger was because of a failure on the part of Jordan to do something, or the result of his having done something which he should not do."

To which the court replied:

"I will leave that question to the jury. I refuse to charge it as a matter of law. I leave it to the jury."

In this refusal to charge the appellant asserts that there was reversible error. In making this contention, the appellant does not lose sight of the provision of section 3 of the statute, which provides, on the question of assumption of risks of this character, as follows:

"The question whether the employé understood and assumed the risk of such injury, or was guilty of contributory negligence, by his continuance in the same place and course of employment with knowledge of the risk of injury shall be one of fact, subject to the usual powers of the court in a proper case to set aside a verdict rendered contrary to the evidence."

As the statute plainly provides, the question of the assumption of risk is made one of fact to be decided by the jury, and not one of law to be decided by the court. Clark v. N. Y. C. & H. R. R. R. Co., 191 N. Y. 416, 84 N. E. 397; Knezevich v. Bush Terminal Co., 127 App. Div. 54, 111 N. Y. Supp. 255; Hurley v. Olcott, 134 App. Div. 631, 638, 119 N. Y. Supp. 430.

The contention of the appellant is, however, that, if the servant be shown to have understood the risk, the law implies an assumption thereof if he continues in the employment, and that the question of fact to be submitted to the jury is not whether he both understood and assumed the risk of injury, but simply whether he understood it; assumption thereof following as a matter of law, if he did understand it. The question thus presented is not illumined by any precedents directly in point. To sustain this contention, it will be necessary to cut out from this provision of the statute the words "and assumed"; for, if the appellant be correct, they serve no purpose there whatever. It is plain that the purpose of this provision was to change a previously existing rule of law on this question of the assumption of risk. That rule of law, as applied generally in common-law actions in this state, charged the servant with an assumption of such risks which he actually understood, or which, in the exercise of ordinary care, he should have understood. The change attempted was, as appellant contends, simply to limit the assumption of risks to those actually understood by the employé, and to exonerate him from those formerly imputable from the exercise of ordinary care, whether actually understood or

not. If this be correct, then the court erred in its refusal to charge as requested. This section of the statute provides also as follows:

"In an action maintained for the recovery of damages for personal injuries to an employé received after this act takes effect, owing to any cause for which the employer would otherwise be liable, the fact that the employé continued in the service of the employer in the same place and course of employment after the discovery by such employé, or after he had been informed, of the danger of the personal injury therefrom, shall not, as a matter of law, be considered as an assent by such employé to the existence or continuance of such risks of personal injury therefrom, or as negligence contributing to such injury."

This provision immediately precedes the part first quoted in this opinion, which is, in truth, but supplementary to the matter just now quoted. Taking these two provisions of section 3 together, the reasonable and obvious interpretation is that an assumption of risk does not follow as a matter of law from a knowledge or understanding of the risk, but is a question of fact to be decided by the jury under all the circumstances peculiar to the case. In this respect, the change wrought by the statute was to make applicable to actions brought under it the prevailing doctrine of recent English cases, where the rule as to the assumption of risks was applied less rigidly as against the employé. We think, therefore, that the refusal of the trial court to charge as requested presents no error.

As to the claim that the verdict should have been set aside as against the weight of evidence, both as to the question of the assumption of risk and as to contributory negligence, a brief consideration of the facts is necessary. Ovelsen had been a seaman practically all his life, and was to a considerable extent familiar with the various methods of lifting and placing heavy objects. Jordan, the superintendent, had likewise been a seaman, but had a larger experience and had filled places of higher responsibility than Ovelsen, who, at one time, had served under Jordan as a common seaman while the latter was a deck officer. There was ample reason, therefore, why Ovelsen, a man of less experience and lower mental development, should be able to defer his judgment to that of Jordan without exposing himself to the imputation of contributory negligence, or its equivalent in result, a voluntary assumption of a risk of injury. It is true that Ovelsen, according to the testimony, expressed his fears or dislike of the method directed by Jordan. Whatever danger there was to be seen at the time was not inevitable. He appears to have feared danger; but it is a most common thing in everyday life for one to smother his fears under the direction of those of more experience, and proceed according to the judgment of those in whom he is apparently justified in having confidence. The fact that an accident subsequently happened, notwithstanding, is not determinative on this point. If this question was one of fact for the jury, then under these circumstances their determination of it was not against the weight of evidence. To hold otherwise would be little short of making it but an empty form to submit the question to the jury at all.

I recommend, therefore, that the judgment and order be affirmed, with costs. All concur.