whole of which in that case the Court of Appeals held to be "but technical and nominal."

[4] These defendants, however, should be put in a position where they can have their day in court and can appeal from the order of confirmation, if they are so advised.

[5] The motion therefore to vacate the order confirming the report as to parcel 73A is granted; and, upon and after argument heard of the motion to confirm said report as to said parcel, such motion is granted upon the ground above stated that the defendants upon the undisputed facts would at the most be entitled only to nominal damages, and therefore that it would be useless to refer the matter back to the commissioners for consideration and report.

The plaintiff has leave to file an affidavit setting forth the facts in regard to Bronx place as above stated, so that the record may contain them, as they do not seem to appear otherwise than by statements in the briefs.

---

SERENO v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   May 3, 1911.)

1. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

In an action under Employer's Liability Law (Consol. Laws 1909, c. 31) §§ 200–204, for injuries to a servant, the question of contributory negligence is one of fact for the jury, and not of law for the court.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132;  Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 137*)—INJURIES TO SERVANT—RAILROADS—SIGNALS—NEGLIGENCE.

A railroad section hand, engaged in repairing a track, had a right to expect a signal would be given by an approaching train, and failure to give such signal was negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269–278;  Dec. Dig. § 137.*]

3. MASTER AND SERVANT (§ 180*)—INJURIES TO SERVANT—NEGLIGENCE—FELLOW SERVANTS.

Under Railroad Law (Laws 1906, c. 657) § 42a, failure of the engineer of defendant railroad's train to notify plaintiff, a section hand, of its approach by bell or whistle, was negligence of defendant itself, and not of a coemployé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 359–368;  Dec. Dig. § 180.*]

McLennan, P. J., dissenting.

Appeal from Trial Term, Oswego County.

Action by Michael Sereno against the Delaware, Lackawana & Western Railroad Company.   From a judgment entered on a nonsuit, and from an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

M. L. & A. S. Wright, for appellant.
A. D. Jenny, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action is for negligence. The plaintiff, at the time of the accident, was an employé upon the defendant's road as track inspector, or sectionman. While looking over the track, he discovered the rails were spread at one point, and reported it to his boss, who told him to go and fix it. He went, with an assistant, about 1 o'clock p. m., and began the work. The spikes had to be pulled out, the rails pushed over, and the spikes driven in again. Plaintiff stood, one foot each side of the rail, driving spikes, when a local freight train approached him from behind. He started to get out of the way, but had not enough time, and was struck in the right side, and thrown 5 or 6 feet out upon the grass, and more or less injured. He looked occasionally for trains as he worked, did not hear any bell or whistle from this train, and it was 10 or 12 feet from him when he first saw it. He had been working on the railroad for many years off and on, for this and other companies. The track where the accident occurred was straight, and plaintiff could see a long ways in the direction the train came from. He knew trains were liable to come along any time, and he looked for them every few minutes. His assistant was near him, but said nothing as the train approached. Three men were on the track, and saw the train, but heard no bell or whistle.

[1] First. The action being under the employer's liability law, the question of contributory negligence was one of fact for the jury, and not of law for the court. Knezevich v. Bush Term. Co., 127 App. Div. 54, 111 N. Y. Supp. 255; Clark v. N. Y. C. R. R. Co., 191 N. Y. 416, 84 N. E. 397.

[2] In addition to this, I think it was a fair question of fact whether the plaintiff was guilty of contributory negligence. No warning was given of the approach of the train. The plaintiff was busy at his work, looking out for a train every few minutes, and had a right to expect a signal would be given before the train ran him down. See Thompson on Negligence, §§ 1839, 1840; O'Connor v. U. R. Company, 67 App. Div. 99, 73 N. Y. Supp. 606; Reilly v. Inter. St. R. Co., 108 App. Div. 254, 95 N. Y. Supp. 721, and cases therein referred to.

The nonsuit could not properly be granted upon this ground.

[3] Second. The negligence consisted of the failure by the engineer to give the signal by bell or whistle. This was the negligence of the defendant itself, and not of a coemployé. Railroad Law, § 42a. See chapter 657, Laws of 1906. I think there can be no doubt but that the failure to give warning of the approach of the train constituted negligence. See cases above referred to.

The nonsuit could not be properly granted upon this ground. All concur, except McLENNAN, P. J., who dissents.