(4 Misc. Rep. 144.)

## ANSELMENT v. DANIELL et al.

(Common Pleas of New York City and County, General Term. June 5, 1893.)

1. NEGLIGENCE—RECKLESS DRIVING.

It is negligent to drive a wagon along a railroad track, in the middle of the street, at a "fast trot," when there are workmen engaged in paving the street, one of whom is so near the track that on turning his head, in the performance of his work, he is struck by the hub of the wagon, the street being wide enough between the curb and railroad track to afford a passage for the wagon.

2. SAME—CONTRIBUTORY NEGLIGENCE.

While plaintiff was at work paving a street near a railroad track he suddenly turned his head, in the performance of his work, without looking, and was struck by the hub of a wagon driven at a fast trot along the railroad track. His work required his constant attention, and he and his fellow workmen were making so much noise as to render the approach of the wagon inaudible. *Held,* that plaintiff was not guilty of contributory negligence.

Appeal from trial term.

Action by Lawrence Anselment against John Daniell and another to recover damages for injuries sustained by plaintiff through the negligent driving of a wagon by defendants' servant. From a judgment dismissing his complaint, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Edwin G. Davis, for appellant.

Baldwin & Blackmar, (Abel E. Blackmar, of counsel,) for respondents.

BISCHOFF, J. All persons are alike under reciprocal obligation to exercise ordinary care,—the one, to avoid doing injury; the other, to avoid being injured. Ordinary care is that degree of precaution which an ordinarily prudent person would exercise under like circumstances; and negligence, in a legal sense, arises from the omission to exercise it. The presumption is that every one will do his duty. So one person may rely upon another's observance of ordinary care, and neither is required to anticipate the other's neglect in that respect. Much less is a person required to use extraordinary vigilance to avoid receiving injury from another's anticipated neglect of ordinary care to avoid causing it, or to be watchful of another's anticipated wanton or reckless conduct. Observing the above fundamental rules, it is impossible, upon attentive consideration, to resist the conclusion that the uncontroverted facts in the case at bar demonstrate that the conduct of defendants' driver was the sole causa sine qua non of plaintiff's injury, Plaintiff was a paver employed, with others, in paving Broadway, between Twentieth and Twenty-First streets, on the westerly side of the railroad tracks running longitudinally through the center of the roadway. Between the rails, and to the east of the tracks, the roadway was in safe and suitable condition for the passage of vehicles, the space east of the tracks being sufficient for that purpose. In the afternoon of October 26, 1891, in "broad daylight,"

plaintiff and his fellow workmen were engaged in the performance of their work. Plaintiff was at the time of the collision at work close to the westerly rail of the tracks, and about to start a new course of the pavement, running latitudinally across that part of the roadway which was west of the tracks. He was in a kneeling position, and was plainly visible to all persons approaching from a northerly or southerly direction. Defendants' team was being driven at a "fast trot," in a northerly direction, in the tracks, and on the rail close to which plaintiff was at work. Just as the hub of one of the wheels of defendants' wagon had reached a point close to his head, plaintiff turned about in an easterly direction, intending to readjust a paving block in its position at the rail. As he did so his head came into violent contact with the hub, and thus he sustained the injury for which he sought compensation in this action. Plaintiff admitted on the trial that he did not look about for approaching vehicles before turning to adjust the paving block, but it is obvious that this employment necessarily demanded his attention, and the use of his sight. The noise of the approach of defendants' team was in some degree subdued because of the fact that it was being driven in the track, and rendered altogether inaudible to plaintiff by the clangor which unavoidably attended the performance of the work he and his fellow workmen were employed in. From the facts detailed as above it is incontestably apparent that if defendants' driver had, consistently with the dictates of common prudence, when he observed plaintiff in close proximity to the rail upon which he was driving the team, diverged from his course in an easterly direction for a sufficient distance to escape contact, instead of persisting in his course in the track, the collision could not have occurred, and plaintiff would not have been injured. Obviously, therefore, the driver did not exercise ordinary care. Hence he was negligent. It is no more an answer to this charge of negligence that the driver could not anticipate that plaintiff would move about or turn his head just at the instant when the team was passing, than it is to say that the driver of a vehicle in a public street is exempt from the consequences of his reckless driving because he could not anticipate that the person run over would attempt to cross the street just at the time when it suited the driver to indulge his recklessness. It is reasonable to apprehend the presence of pedestrians on the street, and it is no more unreasonable to require defendants' driver to have apprehended—particularly so because of the character of the work in which plaintiff was engaged at the time—that the latter would move about. It is the driver's reckless assumption of the risk that plaintiff would not move about, and so sustain injury, which constitutes the gravamen of his negligence. Plaintiff was lawfully and necessarily in the roadway, engaged in the performance of duty. He was absolutely safe from all risk of injury by passing vehicles, excepting only such as would arise from the negligence of the drivers of those vehicles,—a risk which was avoidable by the drivers, with the exercise of ordinary care. Upon their exercise of such care, plaintiff had a right to

·rely.    He was not obliged to anticipate their wanton and reckless conduct, unless, indeed, it may be successfully claimed that greater vigilance is required to escape the imputation of contributory neg-ligence than to avoid a just charge of negligence; that extraordi-nary care is required to avoid being injured, and ordinary care, only, to avoid doing injury.    Plaintiff's occupation imperatively demand-ed his attention, and the use of his eyes.    The noise of approach-ing vehicles was unavoidably inaudible to him.    His person was plainly visible to the drivers of approaching vehicles,—a fact in itself sufficient to excite the caution of an ordinarily prudent per-·son.    To hold him, employed as he was, to the exercise of constant vigilance to avoid injury from the want of ordinary care on the part of the drivers of vehicles incessantly passing on a public thor-oughfare, means either that he must expose himself and his fel-low workmen to the risk of injury from inattentive performance of his work, or that he must abandon his work altogether.    We are ·unable to see wherein plaintiff was at fault, and, without fault, he ·cannot be said to have been guilty of contributory negligence. Shear. & R. Neg. § 28.    The facts should have been submitted to the jury, and it was error to dismiss the complaint.    Judgment reversed, and a new trial ordered, with costs to appellant, to abide the event.    All concur.