(10 Misc. Rep. 122.)

REENS v. MAIL & EXP. PUB. CO.

(Common Pleas of New York City and County, General Term.   November 5, 1894.)

1. NEGLIGENCE—CROSSING STREET.
    It is not negligence as a matter of law to cross a street without looking both ways for approaching vehicles.
2. SAME—PEDESTRIAN AND DRIVER.
    The rights and obligations of pedestrians and driver are correlative, and each owes the other a duty to avoid an accident.
3. MASTER AND SERVANT—PROOF OF RELATION.
    The evidence is sufficient to show that the driver of a wagon which ran over plaintiff was employed by defendant, where defendant did not deny the employment, and the wagon bore defendant's name.

Appeal from trial term.

Action by Henry Reens against the Mail & Express Publishing Company for personal injuries.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

William Irwin, for appellant.
Edgar J. Nathan, for respondent.

BISCHOFF, J.   The plaintiff alighted from a street car, and sought to reach the sidewalk.   When in the act of crossing the street from the track to the curb, he was struck by a wagon in the control of defendant's servant, and sustained injuries, for which damages are here claimed.   Appellant's argument for a reversal on the facts appears to proceed upon the mistaken theory that, as between plaintiff and the defendant's driver, the sole duty of care in avoiding the accident in question rested upon the former when attempting to cross the street.   The fact that plaintiff looked up and down the street when beside the car, after alighting, or, as he testified, "on both sides of the car," and did not see the wagon, which, when he started to cross, came upon him at a great rate of speed, does not by any means suffice to impute contributory negligence as a matter of law.   It is true that, in the case of a person crossing a railway track, negligence is predicable of that person's failure to observe an approaching train when in plain sight, it being the legal duty of the individual, in such a case, to look both ways before attempting to cross (Burke v. Railroad Co., 73 Hun, 32, 25 N. Y. Supp. 1009); but a broad distinction is to be noted between these cases and such a one as the present, for the constantly impending danger, where the crossing of a railway track is attempted, is an essential element which is lacking in the case of a wayfarer crossing the street (Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415); and it was therefore held in the above case that the duty to look both ways before crossing a street was not imposed as a matter of law upon the party crossing.   The case of Hamilton v. Railroad Co. (Com. Pl. N. Y.) 26 N. Y. Supp. 754, cited by appellant, does

not apply to this action, for here there was no element of a close calculation, plaintiff not having seen the wagon approaching, and thus having assumed no voluntary hazard. The question of fact whether or not an act constitutes contributory negligence depends upon the circumstances of the particular case, and there was sufficient evidence in this case to call for determination by the jury upon the point in question. Plaintiff and defendant's driver had equal rights in the street, and each could rely upon the observance by the other of the reciprocal obligations to avoid an accident which the law imposes. McManus v. Woolverton (Com. Pl. N. Y.) 19 N. Y. Supp. 545; Anselment v. Daniell, 4 Misc. Rep. 144, 23 N. Y. Supp. 875. The jury could therefore properly find that there was no contributory negligence had it been satisfied that plaintiff had merely failed to anticipate a neglect of this duty upon the part of defendant's servant (Anselment v. Daniell, supra), which finding is not to be disturbed upon the evidence, although the jury might perhaps have also drawn contrary inferences from the facts testified to (Schwartz v. Wechler [Com. Pl. N. Y.] 20 N. Y. Supp. 861).

The fact that defendant failed to deny that the witness Reagan, the driver of the wagon causing the injury, was employed by the corporation, taken with this witness' testimony that he was employed by the "Mail and Express" for the purpose of delivering newspapers, together with the fact that the wagon in question bore the name of the "Mail and Express," furnished sufficient evidence to take the question of defendant's ownership of the wagon, and of its liability under the rule respondeat superior, to the jury. Tuomey v. O'Reilly, Skelly & Fogarty Co., 3 Misc. Rep. 30, 22 N. Y. Supp. 930, affirmed, court of appeals, June 5, 1894, 37 N. E. 825; Wylde v. Railroad Co., 53 N. Y. 156; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353; Doherty v. Lord (Com. Pl. N. Y.) 28 N. Y. Supp. 720.

Defendant urges that the exclusion of certain evidence sought by it to be elicited with regard to plaintiff's habits was error, but there is found to be no force in the contention. The only material issue upon the question of plaintiff's drinking was as to his condition at the time of the accident. What his habits were was immaterial to that issue, and the fact that plaintiff had testified in his own behalf that it was not his habit to get drunk did not render the defendant's evidence admissible as of right. No objection was taken to the admission of the plaintiff's testimony in this regard, and a party has not the right to give immaterial evidence because his adversary has done so before him. People v. Dowling, 84 N. Y. 486; Starin v. Kelly, 47 N. Y. Super. Ct. 288, affirmed 88 N. Y. 418.

In view of the evidence as to the extent and effect of the injury here sustained, we are unwilling to hold that the award of $5,100 damages is to be regarded as excessive. Judgment affirmed, with costs. All concur.