Application by Elsie Maude Ashley for the appointment of a committee of the person and property of William D. Ashley, an alleged incompetent person. From an order directing the payment of petitioner's disbursements, petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thaddeus D. Kenneson, for appellant.

James G. Meyer, for respondent.

PER CURIAM. Counsel for the appellant insists that the provisions of section 2336 of the Code of Civil Procedure are mandatory, and that where a committee of the property is appointed in a lunacy proceeding the court must direct the payment by him out of the funds in his hands of the necessary disbursements of the petitioner. Assuming, without deciding, that this view is correct, there can be no doubt that the petitioner, through his or her attorney, could consent that the court direct that a part of the disbursements be paid, not out of funds in the hands of the committee, but out of other moneys belonging to the incompetent person. This is precisely what the learned judge below declares to have been done in the present case. By the order appealed from he has amended the original order by inserting therein a recital to the effect that, "by the consent of the attorney for the petitioner," $500 of the sum allowed said petitioner is to be paid out of moneys in the hands of the Massachusetts committee. We cannot assume that this recital, carefully inserted after a full review of the occurrences attending the making of the original order, is untrue. It must represent the judge's recollection of what occurred, stated under the sanction of his official oath; and, if such a consent was given, the petitioner cannot complain of the order, either in substance or form.

Orders affirmed, with $10 costs and disbursements.

---

(67 App. Div. 99.)

O'CONNOR v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. December 20, 1901.)

1. STREET CARS—STREET SWEEPER—PERSONAL INJURIES—MOTORMAN—DUTY.

A motorman on a street car must use reasonable care to avoid injuring a street sweeper; the latter having not only the right, but being required, to be in the street.

2. SAME—NEGLIGENCE OF MOTORMAN—EVIDENCE—SUFFICIENCY.

In an action against a street railway company for injuries received by plaintiff's decedent, a street sweeper, plaintiff's evidence tended to show that decedent was standing between the tracks; that the car approached rapidly, without warning, until within 10 feet of decedent, who then looked up, but could not avoid the injury. Defendant's evidence tended to show that the car was moving slowly, and the bell ringing; that decedent stepped back onto the track; and that the car could not be stopped. *Held* to support a judgment for plaintiff.

3. SAME—CONTRIBUTORY NEGLIGENCE.

In an action against a street railway company for injuries received by plaintiff's decedent, a street sweeper, where plaintiff's evidence

showed that decedent, while working on the track, looked for the approach of cars every minute or so; and defendant's testimony, that he was working outside of the track until just as the car approached,—the question whether decedent used reasonable care was for the jury.

**4. SAME—CARE REQUIRED.**

A street sweeper working on street car tracks is not guilty of contributory negligence in not looking back of him all the time for a car, but need only exercise that degree of care which an ordinarily prudent man would exercise under like circumstances.

**5. SAME—EXCESSIVE DAMAGES.**

In an action for injuries received by a street sweeper, resulting in his death, a verdict of $8,721 was excessive, and should be reduced to $5,000.

Appeal from trial term, New York county.

Action by Dennis O'Connor, as administrator of John O'Connor, deceased, against the Union Railway Company of New York City. Judgment for plaintiff in the sum of $8,721.20, and defendant appeals. Conditionally affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles P. Brown, for appellant.

J. A. Corbin, for respondent.

PATTERSON, J. The trial of this action resulted in a verdict for the plaintiff, from the judgment entered upon which, and from an order denying a motion for a new trial, the defendant appeals.

The plaintiff's intestate was a street sweeper employed by the city of New York. While he was engaged at work on 3d avenue, near 168th street, he was struck by a trolley car of the defendant, and received injuries from which he died. It is urged by the appellant that the evidence was insufficient to establish either negligence of the defendant's servant in charge of the car, or freedom from contributory negligence of the plaintiff's intestate. Concerning the negligence of the defendant, the evidence on the part of the plaintiff was sufficient to present that issue to the jury. The plaintiff's intestate was working on the public street, where he not only had the right, but was required, to be, and it was the duty of the motorman in charge of the defendant's car to use reasonable care in avoiding him. Smith v. Bailey, 14 App. Div. 283, 43 N. Y. Supp. 856. There is testimony tending to show the want of proper or reasonable care of the motorman in approaching the plaintiff's intestate. There is a great conflict of evidence respecting the details of the accident. The evidence on the part of the plaintiff is to the effect that the deceased was at work between the rails of the easterly track of the defendant's road on 3d avenue, between 168th and 169th streets; that the defendant's car approached at a rapid rate of speed, and no bell was rung nor other warning or signal given by the motorman until he was within about 10 feet of the deceased, who then looked up, but was struck before he could escape contact with the car. The testimony on behalf of the defendant, on the other hand, was that the plaintiff's intestate was at work on the highway to the east of the easterly rail, and that he was not in a position of peril; that the car was not proceeding

·rapidly; that the motorman was ringing his bell as the car was approaching, and the decedent stepped backward and upon the track; and that the car could not be stopped in time to avoid the accident. The verdict of the jury, accepting the plaintiff's version of the occurrence, is sustained by abundant evidence, and cannot be interfered with. The inference of negligence on the part of the motorman was authorized by the evidence. Hennessy v. Railway Co., :7 App. Div. 27, 67 N. Y. Supp. 1076; Bengivenga v. Railway Co., 48 App. Div. 515, 62 N. Y. Supp. 912.

The issue as to contributory negligence was properly and fairly presented to the jury. It has been held that persons who are employed by a municipality, and working upon the public highway, are not bound to exercise the same degree of care while in the street that would be required of ordinary pedestrians. Smith v. Bailey, supra; Dipaolo v. Railroad Co., 55 App. Div. 566, 67 N. Y. Supp. 421. Nevertheless, such persons are required to use reasonable care to avoid being run over. It appeared in evidence in the present case that the plaintiff's intestate, while engaged in working on the track, from time to time, and at intervals of a minute or ·so, looked for the approach of cars upon the track on which he ·was working, and also that he was doing his work in the usual and proper way. While the testimony given by the witnesses for the defendant would locate the plaintiff's intestate at a place outside of the tracks when the car was but a short distance from him, it was for the jury to say what his position was at and just before the contact of the car with him, and hence for them to determine whether or not he did exercise such care as was required of him ·to avoid approaching vehicles.

It is claimed by the defendant that the trial judge erroneously instructed the jury upon the subject of contributory negligence. Upon that topic the court said:

"If the man exercised reasonable care in that way [looking back for a ·car], he would not be guilty of contributory negligence by standing and sweeping, and not actually looking back all the time to see whether a car was coming. If, under those circumstances, exercising that reasonable degree of care which an ordinarily prudent person would exercise under like circumstances, if the car comes upon him without warning, through the negligence of the defendant, no claim of contributory negligence can be reasonably maintained."

That was a concise and proper rule for the guidance of the jury in this particular case, and accords with authority upon that subject. As said in Smith v. Bailey, supra:

"Undoubtedly those persons who are engaged upon the streets in the public service cannot exercise the same diligence in getting out of the way of passing vehicles as those persons can who are simply crossing the streets and avenues, and it cannot be expected that they should, because, if their time were taken up by looking out for coming vehicles, it would be impossible for them to carry on their work. They cannot, however, be reckless. They are bound to use reasonable care in seeking to avoid the dangers by which they are surrounded."

There was no error, therefore, in the instruction given to the jury. Finally it is contended that the damages are excessive, and in that we agree. The recovery should be reduced to $5,000. If the

plaintiff stipulates to allow such reduction, the judgment as so modified and the order will be affirmed, without costs; otherwise they must be reversed and a new trial ordered, with costs to the appellant to abide the event.  All concur.