# CHARLES OSTERMEIER v. KINGMAN-ST. LOUIS IMPLEMENT COMPANY, Appellant.

### Division Two, February 17, 1914.

1. **APPELLATE JURISDICTION: Constitutional Question.** The question of the constitutionality of Sec. 8523, R. S. 1909, which prescribes the degree of care to be used by drivers of automobiles, having been properly raised in an action in which plaintiff was awarded damages for his injury by an automobile driven by defendant's servant, and the point having been preserved for appeal, the Supreme Court has jurisdiction of the appeal on that ground. Having acquired such jurisdiction, it will decide the case even though it find that defendant was liable at common law and the point as to the constitutionality of the statute be therefore not decided.

2.   **NEGLIGENCE:  Driving Automobile in Street.**  Defendant's chauffeur backed defendant's automobile out of the garage, across the sidewalk, and then in a curve toward the middle of the street, sounding the horn the last time as he was entering the street, and looking meanwhile in the opposite direction from that in which the car moved. Near the street car track the automobile backed into plaintiff, a street sweeper who was working in the street and facing away from the approaching car. *Held,* that plaintiff was not negligent in having his eyes upon his work and failing to see the car, and that the chauffeur was guilty of negligence for backing the car in such circumstances while looking in the opposite direction.

3.   **VERDICT:  Not Excessive.**  A verdict for $3500 awarded to a street sweeper, who was seventy-eight years old and earning a dollar and a half a day when injured by the negligent running of defendant's automobile by defendant's servant, is not excessive, plaintiff's head having been injured, his arm broken, and his whole side bruised, so that at the time of the trial it hurt him to lift his arm, he had pains in his head and eyes, and could not sleep well.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*Sturdevant & Sturdevant* for appellant.

Not a single act of negligence was proved upon the part of the defendant in this case. The rule in this State that plaintiff must prove against the defendant the negligence alleged in its petition is imperative and admits of no exception. Yarnell v. Railroad, 113 Mo. 579; Looney v. Railroad, 200 U. S. 480. The same principle is reiterated in later decisions of this court. Zeis v. Brewing Assn., 205 Mo. 653; Glaser v. Rothschild, 221 Mo. 204. Nor does the rule *res ipsa loquitur* apply in a case where a plaintiff bases his right of recovery upon specific charges of negligence set forth in his petition; nor can a plaintiff recover where he has failed to look and listen, under circumstances of this kind, and where, being experienced and familiar with all the dangers of the situation, he fails

255 Mo. 9

to take the ordinary precautions for his safety. Mc-Grath v. Transit Co., 197 Mo. 97; Benedick v. Potts, 88 Md. 52; Cothron v. Packing Co., 98 Mo. App. 349; Hamilton v. Railroad, 114 Mo. App. 509; Ely v. Railroad, 77 Mo. 34; Leslie v. Railroad, 130 Mo. 136; McManamee v. Railroad, 135 Mo. 447; Bartley v. Railroad, 148 Mo. 139; Gayle v. Car & Foundry Co., 177 Mo. 450; Breeden v. Mining Co., 103 Mo. App. 179; Davies v. Railroad, 159 Mo. 1; Wheat v. St. Louis, 179 Mo. 572; Evans v. Railroad, 178 Mo. 517; Clancy v. Railroad, 192 Mo. 615; Orcutt v. Bldg. Co., 201 Mo. 443; Kirkpatrick v. Railroad, 211 Mo. 83; Gibler v. Railroad, 148 Mo. App. 486; Anderson v. Railroad, 149 Mo. 272. Under the circumstances with all the noise made by that machine, going out at the lowest possible rate of speed, and the horn being sounded clearly three separate times, that the only legitimate inference to be drawn is that the plaintiff, careless and indifferent or absent-minded at the time, simply stepped in front of it and received the injury complained of. That his own conduct from his testimony was negligent under the circumstances and positively so, we think does not admit of doubt. Both parties had a right upon the street. Much less than ordinary diligence on the part of the plaintiff would evidently have avoided this accident. He was near the middle of the block, not at a place where persons with vehicles would naturally be expecting pedestrians. This situation imposed upon him a higher degree of care than would have been required at a regular crossing. Henry v. Railroad, 113 Mo. 536; Wheat v. St. Louis, 179 Mo. 572; Quirk v. Elevator Co., 126 Mo. 293; Brockschmidt v. Railroad, 205 Mo. 445; Van Dyke v. Railroad, 230 Mo. 259.

*R. P. & C. B. Williams* for respondent.

(1) The failure of defendant's chauffeur to look in the direction in which he was operating his machine

on a populous street was negligence *per se.* McFern
v. Gardner, 121 Mo. App. 10; Rapp v. Transit Co., 190
Mo. 161; Sluder v. Transit Co., 189 Mo. 136; Risk v.
Railroad, 189 Mo. 169; Sepetoski v. Transit Co., 102
Mo. App. 119. (2) Plaintiff was lawfully on the street
at the time he was injured and he was not required to
look and listen for approaching automobiles under pen-
alty that failure would be contributory negligence.
Felker v. Elect. Co., 216 Mo. 195; Gerhard v. Ford,
119 N. W. (Mich.) 904. (3) The verdict of the jury
was not excessive; the following were cases of injuries
to old men about the age and condition of plaintiff,
and in all of which the verdicts for large amounts were
sustained: Fleming v. Railroad, 89 Mo. App. 140;
Milledge v. Kansas City, 100 Mo. App. 490; Wills v.
Railroad, 44 Mo. App. 51. (4) It is well settled that
where the conditions reasonably justify the distin-
guishing of a class, and the law affects equally all who
come within that class, such law is not within the
constitutional inhibition against class legislation, and
this has been the construction of the Automobile Act.
State v. Swagerty, 203 Mo. 517; State v. Loomis, 115
Mo. 307; State ex rel. v. Miller, 100 Mo. 439; State v.
Granneman, 132 Mo. 326; State v. Washburn, 167 Mo.
680; Ex parte Loving, 178 Mo. 194; Christy v.
Elliott, 216 Ill. 40. (5) Ordinary care is such care
as is ordinarily used by prudent persons under similar
circumstances. Frick v. Railroad, 75 Mo. 595; Hart-
man v. Muehlebach, 64 Mo. App. 579.

ROY, C.—Plaintiff recovered a judgment for
$3500 for personal injuries. Defendant has appealed.

On October 13, 1909, and for two years prior there-
to, the plaintiff was a street sweeper or scraper, work-
ing back and forth on Ninth street for several blocks
in front of defendant's garage, which was at 2117, on
the west side of Ninth street. He was about seventy-

eight years of age and was getting a dollar and a half per day.  The petition contained the following:

"That on said date, defendant was the owner of a certain automobile, which at the time was in the possession of a servant and employee of defendant, who was then and there driving the same.

"That while plaintiff was so engaged in the discharge of his duty the said automobile so in charge and possession of the servant and employee of the defendant, was backed out of a building across the sidewalk, down on Ninth street and was negligently and carelessly run against and over plaintiff.

"That said person in charge of and running said automobile did not give plaintiff any warning of the approach thereof; did not look or endeavor to ascertain whether or not plaintiff or any other person was on the street in the rear of the automobile but without any warning ran the same against plaintiff, and with great violence and force threw plaintiff upon the ground, breaking his nose, wounding his head, side and knee, and dragging plaintiff under said automobile along and over the ground a distance of more than eighteen feet, bruising and wounding him as aforesaid, and has ever since said time prevented him from attending to his business or any other business; has caused him great pain and suffering; has put him to great expense in endeavoring to be healed of his wounds.  And plaintiff states that he is permanently injured by reason of the conduct of defendant."

And the answer the following:

"And further answering, defendant alleges that such injuries, as the plaintiff sustained at the time laid in the petition, were produced and caused solely by the plaintiff's own negligence in failing to use ordinary care for his own safety while in the discharge of his duties as an employee of the city of St. Louis; engaged in cleaning and sweeping streets as alleged; that plaintiff negligently and carelessly failed to observe the

slow approach of defendant's automobile toward him, which by the exercise of ordinary care he could have seen, until the same drew near where he was standing; that the plaintiff negligently and carelessly failed, after hearing the whistle of the said automobile and seeing the same so approaching, to exercise any diligence in moving out of the path thereof or in any other manner protecting himself and negligently and carelessly failed to apprise the defendant of his presence upon the street in the rear of said automobile after plaintiff heard and saw said automobile and its approach toward him, or by the exercise of ordinary diligence could have heard and seen the same so approaching him.''

The circumstances of the injury were stated by plaintiff in his testimony as follows:

"Q.  Were you standing when you were struck by the machine?  A.  I was standing—I was scraping right along, you know, to the south.  I was looking to the south, you know.

"Q.  On Ninth street?  A.  On Ninth street.

"Q.  About how far were you from the car track. A.  It must be about two or three feet, you know.

"Q.  Which side of the track were you on?  A. Well, I think I was on the west side.  If I ain't mistaken it was on the west side.

"Q.  Well, now, is the car track about the center of Ninth street?  A.  Yes, sir.

"Q.  About how far is the garage from the place where you were standing?  A.  What do you say?

"Q.  About how far is this shed out of which the chauffeur backed his machine from the place where you were standing?  A.  I can't tell just exactly.  It might be about fifty or sixty feet, you know—maybe a little more.  I don't know just exactly, you know.

"Q.  What direction was your face turned?  A. Well, I don't know, I was scraping, you know.

"Q. What? A. I was scraping, and then they hit me in the back and right down on my face.

"Q. Which direction were you looking? A. Looking to the south.

"Q. Which direction was the shed from where you were standing? A. It was a little bit kind of northwest."

Defendant's chauffeur testified that when he first saw the plaintiff he was lying crosswise under the rear axle and across the street car track. Plaintiff testified that his head was injured and the arm broken and his whole side blackened, and that at the time of the trial it hurt him to lift his arm and that he had pains in his head and eyes and that he could not sleep well but would shake. He said "sometimes it gets me in the head or the back of my neck and I jump, you know."

The testimony of the chauffeur and of other witnesses for the defendant was that the chauffeur got into the car in the garage, and asked some schoolboys if the way was clear. He received an affirmative answer, blew the horn, started backing out, blew the horn on the sidewalk and again as he was entering the street, backed the car in the form of a quadrant of a circle, looking in the direction opposite to the way he was going, the top being up, and when at a point from twenty-five to thirty feet south of a line drawn from the south side of the entrance to the garage across the street, and while in the center of the street on the street car track, the car struck plaintiff. While the car was in motion there was a noise made by the exhaust.

I. This appeal comes to this court because of the fact that appellants attack the constitutionality of section 8523, Revised Statutes 1909, prescribing the degree of care to be used by the drivers of automobiles. However, we have concluded that, although that question was properly raised so as

**Jurisdiction.**

to give us jurisdiction, it is not necessary to decide it.

**Negligence:
Driving
Automobile
in Street.**

Under the common law, unaided by that statute, the plaintiff was entitled to a peremptory instruction for a verdict in his favor. That eminent jurist, Judge SCOTT, long before automobiles were known, in Vaughn v. Scade, 30 Mo. 600, wrote the automobile law so clearly that it is easy to follow it. He said: "He who undertakes to drive a carriage in a crowded street must exercise a diligence proportionate to the dangerous nature of that employment. He must know that there are women and children in the street, and that their necessities compel them to be there. If one is found off the crossing, he is not therefore liable to be run over. When, by a diligence proportionate to the nature of the service in which one is employed, he can avoid injuring one who is found off the crossing, it is his bounden duty to use reasonably that diligence in order to do so." If he must know that there are women and children in the street, he must know under the circumstances of this case that there are street sweepers in the street, and, knowing that, he must not, while looking in the opposite direction, back his automobile over such street sweeper who is engaged at his usual task with his attention on his work.

In McFern v. Gardner, 121 Mo. App. l. c. 11, it was held that it is the duty of a chauffeur to keep a vigilant watch ahead for vehicles and pedestrians.

In Schmidt v. Railroad, 149 Mo. l. c. 285, it was said: "Under some circumstances a very high degree of vigilance is demanded by the requirement of ordinary care. Where the consequence of negligence will probably be serious injury to others, and where the means of avoiding the infliction of injury upon others are completely within the party's power, ordinary care requires almost the utmost degree of human vigilance and foresight." It was held in Shamp v. Lambert, 142

Mo. App. l. c. 573, that one is not bound to anticipate negligence on the part of others.

In Kathmeyer v. Mehl, 60 Atl. (N. J.), 40, it was said: "The next ground upon which the verdict is attacked is that the plaintiff himself was negligent. The evidence showed that he was standing in the roadway conversing with a friend, who had stopped his wagon at the point where the accident happened, for the purpose of engaging in conversation with the plaintiff. We see nothing negligent in the plaintiff's action. Certainly he had no reason to suppose that, merely because he was standing in the roadway, he would be run down by the recklessness of the driver of an automobile. He was lawfully there, and any person using the highway was bound to take notice of him, and to use care not to injure him, and the plaintiff had a right to assume that this would be done."

In Anselment v. Daniell, 23 N. Y. Supp. 875, it was held that where a workman engaged in a kneeling position in paving a street turned his head to attend to his work, and, in doing so, was struck by the hub of a rapidly driven vehicle, where there was room for such vehicle to pass at a safe distance, it was negligence in the driver. The court said: "Plaintiff's occupation imperatively demanded his attention, and the use of his eyes. The noise of approaching vehicles was unavoidably inaudible to him. His person was plainly visible to the drivers of approaching vehicles—a fact in itself sufficient to excite the caution of an ordinarily prudent person. To hold him, employed as he was, to the exercise of constant vigilance to avoid injury from the want of ordinary care on the part of the drivers of vehicles incessantly passing on a public thoroughfare, means either that he must expose himself and his fellow workmen to the risk of injury from inattentive performance of his work, or that he must abandon his work altogether. We are unable to see wherein

plaintiff was at fault, and, without fault, he cannot be said to have been guilty of contributory negligence.''

In Lauson v. Fond du Lac, 141 Wis. 57, it was held that a chauffeur on a county road must take notice that animals and persons may be on the road at any time, and that such chauffeur has no right to expect a clear way as does the engineer of a locomotive or the motorman of a street car. That case was cited and approved in Scott v. O'Leary, 138 N. W. (Iowa) 512.

It is conceded by the answer that the plaintiff was a street sweeper engaged in his duty as such. That answer alleges as an element of contributory negligence that plaintiff failed to apprise the defendant of his presence upon the street in the rear of the automobile. That averment is a concession of the fact that the plaintiff was not seen by the chauffeur, and the latter testified that he backed his car while looking in the opposite direction.

We call attention to the fact that the horn was blown as the car started, again on the sidewalk and the last time just as it entered the street. That horn blown at the west curb of the street was no notice to plaintiff that a car was circling around to run over him in the middle of the street. The natural inference was that it was passing on the west side. The circular motion of the car was such that it was not moving in the direction of plaintiff until the moment of striking him. We hold that it was not negligence in the plaintiff to have his eyes on his work and to fail to see the car under the circumstances, and we hold that the chauffeur was guilty of negligence in backing his car over him while looking in the opposite direction.

II. The point is made that the damages are excessive. The trial court and the jury had the plaintiff

**Verdict.** before them and could see his condition. It is our duty to review the discretion of the

trial court in passing on that question, but no authority is shown us for holding that the verdict is excessive under the circumstances of this case. The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.