# MARCH, 1928.

HARDIN COLLEGE, RESPONDENT, v. J. T. JOHNSON, APPELLANT.*

HARDIN COLLEGE, RESPONDENT, v. A. D. JACKSON, APPELLANT.

HARDIN COLLEGE, RESPONDENT, v. JOSEPH WILKINS, APPELLANT.

HARDIN COLLEGE, RESPONDENT, v. NATE AND SI PHILLIP, APPELLANTS.

St. Louis Court of Appeals. Opinion filed March 6, 1928.

*Corpus Juris-Cyc. References: Subscriptions, 37Cyc, p. 486, n. 33; p. 503, n. 36, 37.

*Rodgers & Buffington* and *P. H. Cullen* for appellants.

*Fry & Hollingsworth* for respondent.

NIPPER, J.—This is an action upon a written subscription made by the several defendants for the benefit of Hardin College, an educational institution for young women, located at Mexico, Missouri. The writing sued on is in the form of a note, and is as follows, omitting the amounts and dates:

"No. —— Hardin College Expansion                              $——.
"Mexico, Missouri ————————— 1919.

"For value received, and in consideration of my interest in the welfare of Hardin College, I hereby promise to pay ———— Dollars to the Treasurer of Hardin College, to be apportioned and expended under the direction of the Board of Trustees of Hardin College, payment to be made in five (5) installments as follows:

"$............January 1, 1920
"$............January 1, 1921
"$............January 1, 1922
"&............January 1, 1922 .
"$............January 1, 1924

"All installments to bear interest at the rate of six per cent per annum after maturity until paid. Payment may be made in Liberty Bonds of U. S. of A. at par value, at option of maker hereof.

"Name .......................
"Address ...................."

Each of the defendants signed the above form of note, with the amount subscribed and the date, written in. Separate suits were brought against each of the defendants but upon the trial and by agreement, they were consolidated and tried as one suit. A judgment was rendered in favor of the college, against each of the defendants, and the defendants bring the case here by appeal.

The evidence discloses that Hardin College is an educational institution for young women. In the year 1919, the college authorities decided to make an effort to raise a half million dollars to erect new buildings and provide equipment and facilities for the institution, and began a campaign to raise this money by subscriptions. An effort was made to raise considerable of it among the people of the city of Mexico, and the adjoining territory. A campaign was advertised and it was stated that the college was making an attempt to raise $500,000.

The defendants are prominent business men of Mexico, and some of them were connected with the college, and with the campaign which was being conducted for the purpose of raising the money. Some of the defendants were on the board of directors, and it is sufficient we think for the purpose of this case to say that all the defendants, or in fact most of them, contend and so testified, that they agreed to pay this amount upon the theory that the college would raise the $500,000 as it had advertised and agreed in the published advertisements and literature circulated during the campaign. The Johnson pledge is dated October 17, 1919, for $1,000, and credited with $200 paid in bonds January 1, 1920. The Jackson pledge is dated August 16, 1919, for $250, and credited with $50 paid January 1, 1920. The Wilkins pledge is dated October 30, 1919, for $1,000, and credited with $200 paid January 1, 1920. The Phillip pledge is dated July 22, 1919, for $1,000, with no payment made on it.

The answer of defendants sets up the fact that these subscriptions were made on the representation of the college that it would procure subscriptions or gifts to the extent of $500,000, and would expend the same on additional college buildings, and that these gifts or promises were contingent upon plaintiff's securing subscriptions or gifts in that amount, and further pleads that the contract or agreement is without consideration.

The evidence discloses that only about $115,000 was raised in this campaign, and that most of it had been spent, or contracts let for the erection of buildings and improvements, prior to the institution

of this suit. It is the argument and contention of defendants here that plaintiff did not perform the contract according to its terms, and, therefore, they are not liable. Among the cases relied upon as supporting this proposition is Railroad v. Houck, 120 Mo. App. 634, 97 S. W. 963. In that case certain people had subscribed to pay a certain sum of money to a railroad corporation when it had completed a certain line and operated trains through a certain town. The court held that the railroad company did not comply with the terms of the contract which the subscribers signed, because it did not operate trains through the town, as such town existed at the time the residents thereof subscribed or signed the written contract. That, however, was purely and simply a suit on a contract and it was held that the plaintiff had not performed its part of the contract according to its express and written terms.

This is a suit upon a note, and is an agreement to pay a definite amount, without condition, except that it is to be expended under the direction of the board of trustees of Hardin College. It is a general rule of law, and one we think, which has been closely adhered to in this State, that where subscriptions to charitable objects are made, and on the faith of these subscriptions, and before their withdrawal, the promisee performs some act—expends money, incurs enforceable liabilities, in furtherance of the enterprise, consideration for the subscription is supplied, and it is valid and binding. [Koch v. Lay, 38 Mo. 147; School District v. Sheidley, 138 Mo. 672, 40 S. W. 656; Christian University v. Hoffman, 95 Mo. App. 488, 69 S. W. 474.]

We see no way of distinguishing this case from the case of Christian University v. Hoffman, supra. In that case the note or instrument sued on was very similar to the one in this case. The defendants claimed that it was without consideration and was made upon an express understanding that a certain sum of money was to be raised by Christian University, and that as the University had not raised that amount, as it had promised, defendants were not liable. The court overruled this contention and held that the trial judge was in error when he admitted evidence which sought to attach the aforesaid condition to the defendant's promise to pay because the admission of such evidence would contradict the written terms of the note. It was also held that a failure of consideration may be shown, of course, but that such testimony would not disclose a want of consideration, but would tend to defeat the note by some agreement in conflict with its terms.

Such agreement as the one sued on imports consideration, and in addition to that, the evidence discloses that obligations had been created by the college upon the faith of these subscriptions, and, therefore, under the well established rule, these facts furnish consideration to support the original agreement. The judgment in this case is clearly for the right party, and should be and is affirmed. *Daues, P. J.*, and *Becker, J.*, concur.