Steven KUZUF, Respondent,

v.

Helen GEBHARDT, Appellant.

No. 61672.

Supreme Court of Missouri,
En Banc.

May 13, 1980.

Rehearing Denied June 10, 1980.

Daniel G. Tobben, St. Louis, for appellant.

Richard L. Hughes and Thomas Gregory, St. Louis, for respondent.

WELLIVER, Judge.

Respondent sued for damages resulting from injuries sustained when struck by appellant's automobile. The jury returned a

verdict for appellant. Respondent's motion for new trial was sustained on the ground that appellant's verdict directing instruction, submitting the issue of contributory negligence, was prejudicially erroneous. Appellant sought review of the order granting a new trial, and the appeal was transferred after opinion from the court of appeals. We decide the case as though on original appeal, Mo. Const. art. V, § 10, and utilize substantial portions of the opinion of the court of appeals without quotation marks.

The judgment is reversed and the cause remanded with directions to the trial court to enter judgment on the jury verdict for appellant.

On the afternoon of June 27, 1974, respondent, an "Electrical Helper II" employed by the City of St. Louis, was working on rewiring the electric traffic signals at the intersection of Lindell and DeBaliviere, adjacent to Forest Park. The accident occurred while respondent was checking whether the traffic signals on the island south of Lindell Boulevard were functioning.

Although there was conflicting evidence, respondent testified at trial that as he stepped off the island's curb to inspect the traffic lights, he looked to see whether there were any cars approaching eastbound on Lindell Boulevard. The closest car was approximately one-half to one block away. In respondent's words, "there was a car quite a way west of me, but it was too far for me to really pay that much attention to." Cognizant that before the car reached him it would have to stop at a portable stop sign erected at the southwest corner of Lindell and DeBaliviere, respondent left the curb, walked three or four feet out into Lindell Boulevard, turned around to face the curb and watched the stoplight for thirty to forty seconds. Without again checking eastbound traffic on Lindell, he walked back to the curb. As he placed his left foot on the curb, he was struck on his right knee and thigh by appellant's auto.

Officer Wheeler of the City of St. Louis Police Department arrived at the scene a few moments after the accident. At trial Wheeler testified that respondent stated that he had stepped back off the curb to observe the traffic lights and had been struck by appellant's auto. In respondent's signed accident report filed with the City of St. Louis the day after the accident, respondent gave a version of the accident consistent with Officer Wheeler's testimony. In the section titled "CIRCUMSTANCES OF ACCIDENT" respondent wrote: "I stepped off of curb to check traffic light. I took two steps backwards from curb and was struck on the right thigh by her right head lamp frame."

Appellant was too ill to attend trial. In her deposition, read at trial, she admitted never having seen respondent. In fact, she stated she first became aware that she had been in an accident when respondent's fellow employees called out and she stopped. In her accident scene statement to Officer Wheeler she stated respondent had backed off the curb into the path of her automobile.

Appellant's verdict directing instruction, Instruction No. 5, reads as follows:

Your verdict must be for the Defendant if you believe:

First, Plaintiff either:

failed to keep a careful lookout or

Left a place of safety and walked into the immediate path of Defendant's vehicle; and

Second, Plaintiff's conduct in one or more of the respects submitted in Paragraph First was negligent; and

Third, such negligence of Plaintiff directly caused or directly contributed to cause, any damage Plaintiff may have sustained.

Fourth, the term "negligent" or "negligence" as used in this Instruction means the failure to use that degree of care that an ordinarily [sic] careful and prudent person would use under the same or similar circumstances.

(MAI 32.01 and 11.02)

The jury returned its verdict in appellant's favor on March 6, 1978.

On March 20, 1978, respondent filed a motion for new trial, assigning six errors in Instruction No. 5: (1) the disjunctive submission in paragraph first was an improper deviation from MAI because MAI 17.01 to 17.13 do not contain a "left a place of safety" submission as a specification of contributory negligence and because "left a place of safety" is included within failure to keep a careful lookout; (2) submission of both failure to keep a careful lookout and leaving a place of safety constituted a double submission of the same issue; (3) the definition of negligence contained in paragraph fourth was not the proper standard by which to judge a streetworker's conduct; (4) there was no evidence that even if respondent had kept a careful lookout he could have avoided the accident; (5) there was no evidence respondent failed to keep a careful lookout; and (6) there was no evidence respondent moved into the street and into the path of the appellant's automobile. On May 26, 1978, the trial court sustained respondent's motion for new trial "on the grounds set out in paragraph two thereof, to-wit: because of the Court's erroneous submission of Instruction No. 5."

On May 26, 1978, appellant filed notice of appeal from the trial court's order granting respondent's motion for new trial. On August 14, 1979, the Court of Appeals, Eastern District, filed an opinion which would affirm the judgment of the trial court, and on September 17, 1979, denied appellant's motion for rehearing or transfer to this Court. On October 10, 1979, on appellant's application, we ordered the case transferred to this Court.

█ When a motion for new trial is granted because of prejudicial error in the instructions, the question presented on appeal is a question of law. "Whether the instruction was erroneous and, therefore, prejudicial was a question of law to be determined upon the record presented. No fact question was involved." *Highfill v. Brown*, 340 S.W.2d 656, 664 (Mo. banc 1960). *Accord, Wims v. Bi-State Development Agency*, 484 S.W.2d 323, 326 (Mo. banc 1972). When several grounds are assigned

by the trial court for its action in granting the motion for new trial, the trial court's action must be upheld on appeal if any one of those grounds is valid. *State ex rel. State Highway Commission v. Klipsch*, 414 S.W.2d 783, 786 (Mo.1967); *Davis v. Perkins*, 512 S.W.2d 868, 870 (Mo.App.1974).

█ The trial court erred in granting a new trial on the first two grounds listed above. The questioned language is not an improper deviation from MAI but a modification of MAI 32.01(2) by the addition of a specification of negligence; not included in the various specifications of negligence set forth in Chapter 17, MAI. Rule 70.02(e) provides that "[w]here an MAI must be modified to fairly submit the issues in a particular case," modifications are permissible so long as they are "simple, brief, impartial, free from argument, and . . . [do not] require findings of detailed evidentiary facts."

█ In *Anderson v. Sellers*, 521 S.W.2d 33, 36 (Mo.App.1975), the court stated that "[t]here is no MAI form submitting the contributory negligence of a pedestrian who leaves a place of safety with actual or constructive knowledge of the approach of a moving vehicle and moves into the immediate path of the vehicle." The court cited several cases approving the submission of a "leaving a place of safety" instruction. The court in *Anderson* distinguished failure to keep a careful lookout from leaving a place of safety, calling the former a "negative omission" and the latter an "affirmative act." *Id.* at 37. Leaving a place of safety is logically distinguishable from failure to keep a careful lookout and presents a separate issue for the jury's consideration. One may act negligently by leaving a place of safety and entering a dangerous position when it was unsafe to do so though he kept a careful lookout and in fact saw the danger; conversely, one's negligent failure to keep a careful lookout may expose him to injury though he did not move from a position of relative safety into a position of danger. Although the propriety of the disjunctive form of the instruction was not in issue, similar submissions were made and

approved in *Young v. Grotsky*, 459 S.W.2d 306, 309 (Mo.1970) and *Morris v. Duker*, 414 S.W.2d 77, 81 (Mo.1967). There was evidence to support the submission of the two separate acts of negligence. The instruction did not constitute a double submission of the same issue and submitting both acts of negligence in the disjunctive was not error.

■ Respondent's third ground in his motion for new trial was that the definition of negligence included in appellant's verdict directing instruction was not the proper standard by which to judge a streetworker's conduct. Appellant's verdict directing instruction submitted the issue of respondent's contributory negligence, defining "negligent" and "negligence" in accordance with MAI 11.02, to mean "the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances." In respondent's motion for new trial, he challenged the submission of this instruction on the ground that it incorrectly defined "negligent" or "negligence" because,

> as a working man whose job required him to be in the street, plaintiff (a) was under no duty to keep a lookout, and (b) was not under the same duty as an ordinarily careful and prudent person (MAI 11.02), i. e., an ordinary pedestrian, but rather was obligated to use that degree that an ordinarily prudent city street employee would under the same or similar circumstances.

In support of his contention, respondent cites *Gaylor v. Wienshienk*, 221 Mo.App. 585, 283 S.W. 464 (1926). Research discloses no later Missouri decision which rules on this subject.

In *Gaylor*, a street railway worker knelt in a busy intersection to adjust and grease the tracks. While engrossed in his work, he was struck by a truck turning the corner. He sued the employer of the truck driver, and recovered $3,500 in damages. The defendant appealed, contending that the plaintiff was contributorily negligent as a matter of law. The Court of Appeals, Western District, affirmed the judgment, stating:

It is apparent that plaintiff was not guilty of contributory negligence as a matter of law. The care required of a laborer who is engrossed in his duties on that part of the street used by vehicles is not to be determined by the same rules that are applicable to an ordinary pedestrian. "He is not negligent, while not moving about, because he becomes engrossed in his work and does not look about or listen for approaching vehicles. He is not called upon to exercise the same diligence in avoiding accidents as pedestrians or others who use the street merely as a medium of locomotion." [Citations omitted.] *He was required to exercise only that degree of care that a reasonably prudent person under the circumstances would exercise . . . .*

283 S.W. at 466. (Emphasis added.) *Gaylor* obviously requires that a streetworker exercise "that degree of care that a reasonably prudent person under the circumstances would exercise." *Id.* This is the standard embodied in MAI 11.02 and submitted to the jury in the case at bar. The instruction was correct in this respect. The fact that the respondent was a streetworker was one of many circumstances to be considered in determining whether the plaintiff exercised ordinary care; it did not vary the standard of care to be applied. We have examined other Missouri cases relating to the contributory negligence of persons working in the street, and are not persuaded that those cases require a special definition of negligence in jury instructions to submit the issue. *Ostermeier v. Kingman-St. Louis Implement Co.*, 255 Mo. 128, 164 S.W. 218 (1914); *Boyle v. Bunting Hardware Co.*, 238 S.W. 155 (Mo.App.1922); *Nehring v. Charles M. Monroe Stationery Co.*, 191 S.W. 1054 (Mo.App.1917).

We have examined several cases from other jurisdictions which discuss the standard of care required of a streetworker engaged in his duties. None of these cases support the view that the submission of the contributory negligence of a streetworker plaintiff requires a special definition of negligence. *Dube v. Storage Co.*, 236 Mass.

488, 128 N.E. 782, 784 (1920) (affirming a jury verdict for plaintiff under instructions that the plaintiff was required to exercise "the care of the ordinarily careful man under the circumstances, taking everything into consideration"); *Volosko v. Interurban St. Ry. Co.*, 190 N.Y. 206, 82 N.E. 1090, 1092 (1907) (affirming nonsuit entered against streetworker plaintiff, noting that while some cases "relax" the contributory negligence rule for streetworkers, those cases "also hold that such persons must use reasonable care to avoid being run over"); *O'Connor v. Union Ry. Co.*, 67 App.Div. 99, 73 N.Y.S. 606, 608 (1901) (affirming a jury verdict for plaintiff, where the jury was instructed that the plaintiff's streetsweeper duties were circumstances to be considered in determining whether plaintiff exercised "that reasonable degree of care which an ordinarily prudent person would exercise under like circumstances"); *Smith v. Bailey*, 14 App.Div. 283, 43 N.Y.S. 856, 857 (1897) (reversing trial court for withholding the case from the jury, stating that it was a jury question "whether the plaintiff exercised that degree of care under the circumstances which an ordinarily prudent man would show"); *Anselment v. Daniell*, 4 Misc. 144, 23 N.Y.S. 875, 877 (1893) (reversing the trial court for withholding the case from the jury, stating that it was a question of fact for the jury to determine whether the plaintiff exercised "that degree of precaution which an ordinarily prudent person would exercise under like circumstances"); *Cecola v. 44 Cigar Co.*, 253 Pa. 623, 98 A. 775, 775 (1916) (affirming a jury verdict for streetworker plaintiff, rejecting the argument that the plaintiff was contributorily negligent as a matter of law); *Craven v. Pittsburgh Rys. Co.*, 243 Pa. 619, 90 A. 361, 362 (1914) (affirming a jury verdict for a streetcleaner plaintiff, quoting with approval the opinion of the trial court that it "was a question for the jury as to whether the plaintiff exercised that degree of care which an ordinarily prudent man would exercise under the circumstances"). The wording of MAI 11.02—"under the same or similar circumstances" —was broad enough to call to the jury's attention the circumstance that the respondent was a workman in the street. No special definition of negligence with respect to respondent was required or permissible. We regard as an unjustified extrapolation from the cases the statement found in Annot., 5 ALR2d 757, 770 (1949) that "if the court recognizes that [a streetworker plaintiff] does have a special status, he is entitled to have this explained to the jury in the trial court's instructions."

■ Grounds (4) through (6) of respondent's motion for a new trial, that there was no evidence that respondent moved into the street and into the path of appellant's automobile; that there was no evidence that he failed to keep a careful lookout; and that there was no evidence that if he had kept a careful lookout he could have avoided the accident, are without merit. Respondent himself testified that he moved into the street and was struck by appellant's automobile. He testified that he saw a car approaching him from the west but considered it unworthy of his attention. In the circumstances of this case, it was a question for the jury whether respondent could have avoided the accident had he kept that lookout which a reasonably careful person under the same or similar circumstances would have kept.

■ Respondent contends that the trial court's grant of a new trial may be upheld on another ground alleged in his motion for new trial but not relied on by the trial court in granting the motion. Respondent's motion for new trial alleged that the trial court erred in permitting St. Louis Police Officer Wheeler to testify concerning statements made by appellant at the scene of the accident. The trial court's specification of a ground for granting respondent's motion for new trial had the effect of overruling other alleged grounds. *State v. Allison*, 384 S.W.2d 544, 547 (Mo. banc 1964); *Ernst v. Emerick*, 525 S.W.2d 573, 575 (Mo.App. 1975). The burden is on respondent to demonstrate that there are other grounds in the motion for new trial sufficient to uphold the order. *Allison*, 384 S.W.2d at 547.

Officer Wheeler arrived at the scene a few moments after the accident, and interviewed both respondent and appellant. Wheeler was permitted to testify, over respondent's objection, that appellant, while highly nervous and confused, made a statement that respondent had stepped backwards off the curb into the path of her automobile. Respondent contended the statement was hearsay and self-serving; appellant argued it was within the res gestae exception to the hearsay rule and admissible.

Whether the statement was admissible into evidence as a part of the res gestae was a matter within the trial court's discretion. *Hamilton v. Missouri Petroleum Products Co.,* 438 S.W.2d 197, 199 (Mo.1969). The fact that the statement was made shortly after the accident and at a time when the 73-year-old appellant was highly nervous and confused provided sufficient assurance that the utterance was spontaneous and not the product of reasoned reflection on the speaker's self-interest. *Id.* at 200. Moreover, respondent's handwritten report of the accident corroborates the statement that appellant gave to Officer Wheeler, which provides added assurance that the statement was trustworthy. Respondent has not shown that the trial court abused its discretion in admitting the testimony complained of.

The jury was properly instructed and its verdict should not have been disturbed. We reverse the trial court's order granting respondent's motion for a new trial, and remand the case with directions to enter judgment in accordance with the jury verdict in favor of appellant.

DONNELLY and RENDLEN, JJ., concur.

SEILER, J., concurs in separate concurring opinion filed.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

HIGGINS, J., dissents in separate dissenting opinion filed and concurs in separate dissenting opinion of BARDGETT, C. J.

MORGAN, J., dissents and concurs in separate dissenting opinion of HIGGINS, J.

SEILER, Judge, concurring.

I find no complaint by plaintiff in his motion for new trial or brief that the phrase "left a place of safety" used in instruction No. 5 is argumentative. The complaint plaintiff makes is that "left a place of safety" is included within "failed to keep a careful lookout", so that there was a double submission of the same issue. Plaintiff argued that his contributory negligence, if any, "must be based upon his failure either to keep a careful lookout *or* his leaving a place of safety and moving into the immediate path of defendant's vehicle, but not both."

There was evidence in the case that defendant's vehicle was approaching from the west, eastbound on Lindell, proceeding in the lane next to the curb. There was also evidence that plaintiff was on or near the curb, not in the street, and that he took two steps backward from the curb into the street and was struck, that he backed off the curb, that he stepped back into defendant's path of travel and she was unable to stop before striking him.

Under these facts, the "leaving a place of safety" part of the instruction is the equivalent of saying plaintiff "left the curb and walked into the immediate path" of defendant's vehicle. If the evidence on which defendant relied for the alternative submission of "left a place of safety and walked into the immediate path of Defendant's vehicle" had been that the collision occurred not close to the curb, but instead 25 or 30 feet out into the street, it could well be that the "left a place of safety" language was argumentative. I think use of the phrase is risky. The risk is that it sounds bad and focuses attention on leaving the place of safety when that may not be the critical factor at all. As said in the dissent of Chief Justice Bardgett, in any case where a pedestrian is struck by an automobile, it is

likely at some point the pedestrian was in a place of safety. I would not be in favor of permitting a defense instruction to submit a conceded and non-causative fact of plaintiff's having left a remote place of safety as though it were part of the defense. That would be a straw man to be knocked down for effect.

But in the case before us, the leaving the place of safety and the impact occurred in rapid succession. Under these circumstances I do not believe the instruction is unfair, and, further, as said at the outset, plaintiff does not contend it is argumentative, anyway.

I therefore concur in the principal opinion.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent. Although I am not at all certain that the principal opinion approves the language that appears in instruction No. 5 to a point where it suggests a continued use of that instruction, nevertheless I believe the mention of contributory negligence by utilizing the terminology "left a place of safety and walked into the immediate path of Defendant's vehicle; and . . ." was prejudicial error.

The principal opinion relies, to a large extent, on *Anderson v. Sellers*, 521 S.W.2d 33 (Mo.App.1975), in holding that the use of the terminology noted supra was not error. However in *Anderson v. Sellers*, the phraseology "left a place a safety" was not employed in the instruction at all. Additionally, in *Anderson v. Sellers*, the submission of contributory negligence of the plaintiff, in that the plaintiff moved into the path of the defendant's automobile, also required that such conduct was done at a time "when in the exercise of ordinary care she could have seen the movement of defendant's automobile and could have avoided contact with defendant's automobile; and . . ." *Id.* 34. Then followed a finding that plaintiff was thereby negligent. The submission in *Anderson* therefore required a finding of actual or constructive knowledge on the part of plaintiff immediately prior to and at the time she moved into the path of the defendant's car.

It is difficult to think of a case where a pedestrian was struck by an automobile that did not, at some point in time, involve a pedestrian's affirmative movement from a *place of safety*. All pedestrians who are struck while in the street obviously were, at some time before they got into the street, in a place of safety and, in order to get across the street, had to leave that place of safety. It is simply an act that is necessary in order to cross the street. In the instant case there is no finding required that that conduct on the part of plaintiff was done at a time when she knew or should have known of the danger of being struck by the automobile. The phraseology that plaintiff "left a place of safety" is purely argumentative and suggests, in my opinion, that plaintiff did something wrong simply by stepping into the street—leaving a place of safety.

The submission that the plaintiff "walked into the immediate path of Defendant's vehicle" is essentially the submission that was made in *Anderson v. Sellers, supra*. However, as noted above, the instruction in *Anderson* required a finding by the jury that the plaintiff did that act at a time when in the exercise of ordinary care she could have seen the movement of the defendant's automobile and could have avoided contact with defendant's automobile. No such finding is required in the instant case.

Additionally, as submitted in this case and within the context of the instruction under consideration, "[leaving] a place of safety" was, in effect, included within the submission of failure to keep a careful lookout. I reach that conclusion because the cases that have dealt with the language of leaving a place of safety always relate that act to a pedestrian doing so at a time when the person knows or should know that a collision is imminent, or without looking. Thus, in *Morris v. Duker*, 414 S.W.2d 77 (Mo.1967), the Court relates the leaving of a place of safety on the part of the plaintiff as having been done "without looking out for herself". *Id.* 83. In *Morris*, the same points were not made against the instruc-

tion as appear in this case. Nevertheless, it is my opinion that the leaving-a-place-of-safety language is purely argumentative and, in the instant case, would not suffice to support a defendant's verdict if it were the only item of negligence and was submitted in the form in which it was here. Considered in context, the language of leaving a place of safety, and the language of walking into the immediate path of defendant's vehicle, speak of precisely the same act on the part of the plaintiff in this case. However, leaving-a-place-of-safety language is purely argumentative rhetoric and not at all necessary to a submission of walking into the path of an automobile at a time when the plaintiff knew or should have known of the danger.

*Young v. Grotsky*, 459 S.W.2d 306 (Mo. 1970), mentioned in the principal opinion, did not involve an instruction which utilized the language of leaving a place of safety. The question there was whether or not a contributory negligence instruction which submitted negligence on the part of plaintiff in that she " 'failed to keep a careful lookout' or 'stepped into the path of defendant Grotsky's automobile when it was not reasonably safe to do so' " was supported by the evidence. *Id.* at 309. The Court held that it was supported by the evidence and affirmed the defendant's judgment.

I think it is a mistake to approve the instruction in this case because it puts back into our instruction system that which the MAI sought to remove—argumentative colorful language which is not necessary to the submission of the issue. Stepping from a curb into a street in order to cross the street may be a negligent act *if* the pedestrian saw or in the exercise of ordinary care should have seen a closely approaching automobile; but stepping from a curb into a street in order to cross the street certainly ought not to be considered a negligent act simply because it is moving from a "place of safety".

For the foregoing reasons I dissent and I would affirm the judgment of the court granting a new trial for the error in giving instruction No. 5.

HIGGINS, Judge, dissenting.

I would affirm the judgment.

The question is whether the trial court was justified in its award of a new trial to plaintiff on any of the grounds specified. *Davis v. Perkins*, 512 S.W.2d 868 (Mo.App. 1974). One such ground was that the submission of plaintiff's contributory negligence did not accurately define plaintiff's duty of care for his own safety.

In *Gaylor v. Wienschienk*, 221 Mo.App. 285, 283 S.W. 464 (1926), a street worker knelt in a busy intersection to adjust and grease railway tracks. While engrossed in his work, he was struck by a truck. In rejection of an argument that plaintiff worker was contributorily negligent as a matter of law, the court held:

The care required of a laborer who is engrossed in his duties on that part of the street used by vehicles is not to be determined by the same rules that are applicable to an ordinary pedestrian. . . . He is not called upon to exercise the same diligence in avoiding accidents as pedestrians or others who use the street merely as a medium of locomotion.

*Id.* at page 466. *Accord, Boyle v. Bunting Hardware Co.*, 238 S.W. 155 (Mo.App.1922); *Nehring v. Charles M. Monroe Stationery Co.*, 191 S.W. 1054 (Mo.App.1917); *See also*, 30 A.L.R.2d 866, § 6; 5 A.L.R.2d 757, §§ 7, 8.

The law in Missouri thus recognizes a special status for a worker performing his duties in the street and that he cannot be required to use the same degree of care required of a pedestrian because the worker must devote attention to his work. The rule is based upon the necessarily divided attention of the worker while in the performance of his duties.

Instruction No. 5 in form MAI 11.02 defined plaintiff's duty of care as that of the ordinarily careful and prudent person. It did not apprise the jury of the special status enjoyed by plaintiff if found to be in the performance of his duties in the street.

The majority opinion demonstrates evidence to permit a finding that when hit by

defendant, plaintiff was a worker in the street engrossed in his duties. In ruling on the instruction issue, however, the majority holds that:

> The wording of MAI 11.02—"under the same or similar circumstances"—was broad enough to call to the jury's attention the circumstance that the respondent was a workman in the street. No special definition of negligence with respect to respondent was required or permissible.

While noting that the circumstance of worker in the street is of some importance and recognizing case law establishing that a worker engrossed in his duties cannot be expected to keep as careful a lookout as an ordinary pedestrian, the majority nevertheless holds that the trial court erred as a matter of law when it determined that MAI 11.02 did not adequately apprise the jury of Missouri law as it applies to the facts of this case.

True, if an understanding of this special status afforded the worker in the street can be presupposed, his duty may be summarized as, "that degree of care that a reasonably prudent person under the [same or similar] circumstances would exercise." But absent an instruction to this effect, the jury is not apprised of the worker's differing duty to look out for his own safety—the jury does not know that "same or similar circumstances" in the instance of a worker in the street means that he is not called upon to exercise the same diligence in avoiding accidents as pedestrians.

Accordingly, I would hold that the trial court did not err when it granted plaintiff a new trial on the ground that MAI 11.02 did not adequately advise the jury of the standard of care required of plaintiff if found to be a worker in the street engrossed in his duties, and would remand the case for retrial with MAI 11.02 modified under Rule 70.02(e) "to fairly submit the issues" in this somewhat unique case.