**Elsie Mae LASPY, Appellant,**

v.

**Jack L. ANDERSON, Respondent.**

No. 49229.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1962.

Rufus Burrus, Independence, for appellant.

Donald L. Mason, Mason, Gant & Gepford, Kansas City, for respondent.

COIL, Commissioner.

Appellant, Elsie Mae Laspy, sought to have a warranty deed set aside on the ground that it was obtained by the fraud and misrepresentation of one Carl Anderson, defendant's father. By the deed, dated May 11, 1955, she purportedly conveyed to respondent-defendant Jack L. Anderson certain real estate in Independence. The trial judge found for defendant and Mrs. Laspy has appealed.

Plaintiff's evidence tended to show that in January 1955 she had been charged with

murder (the murder of her husband on January 1 according to the transcript in a prior case, State v. Laspy, Mo., 298 S. W.2d 357), and that on April 11, 1955 (the date of the deed), she was in jail in Kansas City. Carl L. Anderson, a lawyer, now deceased, defended her on that charge in a trial ending May 4, 1955. She was found guilty (of murder in the second degree and finally of manslaughter according to the records in the prior state cases, 298 S.W.2d 357 and 323 S.W.2d 713). Three days later, May 7, 1955, Carl Anderson died.

On the front of the warranty deed, among other things, was typed the following: "Carl L. Anderson, Attorney, 641 Law Bldg.—Ha 6760 Kansas City, Mo." By the deed Mrs. Laspy purported to convey to Jack L. Anderson for $1.00 and other valuable considerations the south sixty feet of Lot 6 in a certain addition to Independence, Missouri. The deed was signed "Elsie Mae Laspy," had been acknowledged on April 11, 1955, before Carl L. Anderson as notary, and was recorded in Jackson County on May 14, 1955, a week after Anderson's death. Mrs. Laspy admitted that the signature appearing on the deed was hers, but said she had no recollection of signing it, that she had not acknowledged her signature, that she did not know the grantee, Jack Anderson, had never seen him until she saw him in court, and that he paid her nothing for the deed.

Mrs. Laspy's uncle, Mr. Thirkels, testified that he retained Carl Anderson to represent his niece and agreed to pay him a $500 fee and an additional $500 in the event an acquittal was obtained, and that he paid Mr. Anderson a total of $250.

Defendant Jack L. Anderson, called as a witness by plaintiff, testified that at the time of the death of his father on May 7, 1955, he, the witness, was 24 years old and lived in his father's home; that he had had no personal transactions with the plaintiff and that he did not pay any money or give anything of value in exchange for the deed.

The defendant offered no evidence other than to show that the deed had been recorded on May 14, 1955.

Thus, there was no evidence as to whether the real estate described in the deed was improved and no evidence of the value thereof. There was no evidence as to whether defendant knew of the existence of the deed prior to his father's death or whether he knew or had discovered or had attempted to discover anything of or concerning the circumstances surrounding its execution.

Appellant contends that the warranty deed in question was in reality a conveyance from a client to her attorney and that, consequently, the presumptions and rule as to burden of proof applying to transactions between attorney and client are applicable. The respondent contends that those principles have no application to the facts here because he was not the attorney for Mrs. Laspy and thus there was no attorney-client relationship, and therefore, says respondent, the rule as to consideration and the presumptions as to delivery and acceptance applicable to transactions between strangers, control.

We are of the opinion that the conveyance in this case should be treated as one from client to attorney. Both plaintiff and defendant testified that neither knew the other, that they had had no dealings with each other, and that defendant had given plaintiff nothing of value for the deed. It is conceded that on the date of the deed defendant's father was a lawyer representing the plaintiff in a criminal case and that about twenty days after the deed's date he appeared in circuit court and defended the plaintiff. Carl Anderson apparently prepared the deed and purportedly took plaintiff's acknowledgment. It seems to us that the conclusion is compelled that the deed in question constituted a conveyance for the benefit of the attorney, Carl Anderson, and that the name of his son was inserted at his father's direction. It follows that the

only reasonable inference from conceded facts, plus defendant's own testimony, is that the deed was in fact a conveyance from a client for the benefit of her attorney and thus that the law pertaining to a conveyance from a client to his attorney is applicable.

The law is well established in this state and elsewhere that public policy dictates the necessity to protect the confidential and fiduciary attorney-client relationship. Consequently, when a conveyance from a client to an attorney is attacked it is considered presumptively fraudulent and the burden is on the attorney to prove by convincing evidence that the transaction evidenced by the conveyance, as well as the conveyance itself, was fair and equitable in every respect. 7 C.J.S. Attorney and Client § 128a, pp. 969, 970; 5 Am.Jur., Attorneys at Law, § 50, p. 289; Linneman v. Henry, 316 Mo. 674, 291 S.W. 109, 112 [2, 3]; Bybee v. S'Renco, 316 Mo. 517, 291 S.W. 459, 461 [1, 2]. And see Gerlach v. Donnelly, Fla., 98 So.2d 493, 498.

Applying the law to the facts in this case results in the conclusion that defendant failed to overcome the presumption that the deed was constructively fraudulent. It is apparent that plaintiff's evidence is not satisfactory. This is not the usual case in which the plaintiff claims that her attorney made specific misrepresentations to her or did specified acts which caused her to sign the deed. On the contrary, while present plaintiff admitted the genuineness of her signature, she testified she had no recollection of having signed the deed and that she did not acknowledge her signature, thus leaving only an inference that the deed had been obtained by some kind of trickery or deception, the form thereof being unspecified. See again Linneman v. Henry, supra, 316 Mo. 674, 291 S.W. 109. But unsatis-

factory as plaintiff's testimony was with respect to specifying fraud and misrepresentation, the fact remains that she has attacked the deed, and that her evidence made a prima facie showing sufficient to cast the burden on defendant to adduce evidence to show the fairness of the transaction as between plaintiff and her lawyer.

in effect, offered no evidence whatever, perhaps relying upon the contention heretofore noted that the rules pertaining to a conveyance from client to attorney were not applicable. In any event, he made no effort to show by his father's files and records, for example, that this deed was in payment of the balance due on the agreed fee of $500 and that the value of the real estate conveyed did not exceed the balance due. Defendant also failed to testify as to his personal knowledge of the deed, whether he had recorded it, when it came into his possession, and whether it was found among his father's papers.

The death of defendant's father may have made it relatively easy for plaintiff, and correspondingly difficult for defendant, to adduce the necessary evidence. Be that as it may, the necessity for the enforcement of the strict rule pertaining to conveyances from client to attorney, outweighs the detriment of the possible injustice which may accrue in a particular fact situation.

The judgment is reversed and the case remanded with directions to enter a judgment setting aside the deed in question.

HOLMAN and HOUSER, CC., concur

PER CURIAM.

The foregoing opinion by COIL C., is adopted as the opinion of the court.

All concur.