Doyle A. **HAMILTON**, Appellant,

v.

**MISSOURI PETROLEUM PRODUCTS CO.**
and William P. Stecker, Respondents.

**No. 53607.**

Supreme Court of Missouri,

Division No. 2.

March 10, 1969.

Arthur B. Cohn, Waynesville, for plaintiff-appellant.

James A. Cole, Jenny, Cole & Davis, Union, for respondents.

STOCKARD, Commissioner.

In plaintiff's action for personal injuries in which he sought damages in the amount of $65,000, the corporate and individual defendants filed separate counterclaims. The verdict of the jury was for defendants on plaintiff's petition and for plaintiff on the two counterclaims. Judgment was entered accordingly and plaintiff has appealed.

The only contention on this appeal is that the trial court erred in admitting into evidence, over plaintiff's objection, the testimony of Highway Patrolman Jim Gilmore in which he related the contents of statement made to him by defendant William P. Stecker.

On the morning of August 27, 1965, plaintiff was operating his 1959 Ford automobile southward and defendant Stecker was operating the transport tandem tractor-trailer of Missouri Petroleum Products Co. northerly on Highway 28. Both vehicles were traveling between 30 and 40 miles an hour. Highway 28 has an asphalt surface, it is 20 to 24 feet in width, and has a white divisional line down the center. At the place the two vehicles approached each other there is what was termed a "horseshoe" curve. At the time it was raining lightly or misting and the pavement was wet. The two vehicles collided on this curve, the left front of plaintiff's automobile striking the left side of the tractor-trailer at the drive wheels or tandem axles of the tractor. Each operator contended that the other was on the wrong side of the road.

Plaintiff testified that when he first saw the tractor-trailer it was "clear over on my lane of traffic," that he then "pulled over even farther to [his] side and [began] to slow down," and after he got onto the shoulder of the highway the collision occurred. After presenting his medical testimony, plaintiff called as a witness Patrolman Gilmore who had investigated the collision. On direct examination he testified as to the location of the vehicles when he arrived at the scene and the condition of the highway. On cross-examination he related that he had made a report of his investigation, that he had talked to defendant Stecker at the scene and asked him what happened, and that what Mr. Stecker told him was in his report. He was then asked to "read that statement," and counsel for plaintiff objected because "That's self-serving, not relevant, immaterial. It's self-serving and hearsay." The objection was overruled, and the patrolman then read from his report the statement of Mr. Stecker as follows: "He [plaintiff] was coming down the inside of the curve. I locked the trailer brakes and cut to the right. He came by and hit the tandems. I thought at first he was going to turn in front of me."

We agree with plaintiff that the above testimony of Patrolman Gilmore in reading from his report what was told to him by Mr. Stecker was both hearsay in nature and self-serving, the two precise objections made by plaintiff. If the statement was admissible in evidence, it had to be because of some exception to these general exclusionary rules.

■ Respondents contend that the statement was admissible in evidence as a part of the res gestae. Whether a statement is admissible for this reason depends upon the particular circumstances, and whether the statement is admissible under those circumstances is a matter generally within the trial court's discretion which will not be disturbed on appeal unless that discretion is abused. Cummings v. Illinois Central Railroad Co., 364 Mo. 868, 269 S.W.2d 111, 47 A.L.R.2d 513.

As a result of the collision plaintiff was severely injured and could not get out of his automobile. Mr. Stecker sustained an injury to his back, but "didn't feel it right away." An "hour or so" later he felt his back "stiffening up like a knot." The tractor was torn loose from the trailer and it came to rest partly on the shoulder and partly in the ditch. The trailer turned over on the highway and spilled hot asphalt on the pavement. Mr. Stecker got out of the trailer, set flares on the highway, and then went to plaintiff's automobile and remained at the scene until Patrolman Gilmore arrived approximately twenty-five minutes after the accident, and it was thereafter while obtaining information to make his report that the patrolman wrote down the statement made by Mr. Stecker.

■ There are at least two different kinds of hearsay statements which are received in evidence under the designation of res gestae. One is classified as a verbal act, which is actually a part of the transaction under consideration. Vol. VI, Wigmore, Evidence, 3d ed., §§ 1766–1786. Such statement must be contemporaneous

with the transaction. The statement is admissible in evidence because it is a part of some otherwise relevant act. Sconce v. Jones, 343 Mo. 362, 121 S.W.2d 777, 781. The testimony of Patrolman Gilmore as to the statement made to him by Mr. Stecker does not come within the above classification. Therefore, if the testimony was properly admitted it must come under that exception to the hearsay rule known as res gestae, which under certain circumstances, permits testimony as to hearsay statements made by a person involved in or present at an accident, declaring the circumstances of that accident at or after its occurrence. Vol. VI, Wigmore, Evidence 3d ed., §§ 1745–1757. Annotation, 163 A.L.R. 15. "The essential test of this class of statements is spontaneity," and in determining whether the statement is admissible under this rule "the true test is neither the time nor the place of a statement but whether [under the circumstances] it is a spontaneous statement produced by the event itself." Sconce v. Jones, 343 Mo. 362, 121 S.W.2d 777, 781; Vol. VI, Wigmore, Evidence, 3d ed., § 1750. The burden of making a sufficient showing of spontaneity to make the statement admissible is on the person offering it. Woods v. Southern Ry. Co., Mo., 73 S.W.2d 374; Gough v. General Box Co., Mo., 302 S.W.2d 884, 887. The basis of the admission in evidence of a hearsay statement by reason of the res gestae is that under circumstances of physical shock, a stress of nervous excitement may be produced which stills the reflective faculties and removes their control, so that the utterance which then occurs is a spontaneous and sincere response to the actual sensations and perceptions already produced by the external shock. When such an utterance is made under the immediate and uncontrolled dominion of the senses and not during the time when consideration of self-interest could have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy, or at least lacking the usual grounds of untrustworthiness. The utterance need not be strictly contemporaneous with the exciting cause, but it must be made at a time so near it as to preclude the idea of deliberate design. Pryor v. Payne, 304 Mo. 560, 263 S.W. 982; Conley v. Berberich, Mo.App., 300 S.W.2d 844.

■ In this case the statement was not made until twenty-five minutes after the incident claimed to be the exciting cause. Mr. Stecker did not then think he was seriously hurt. He had left his tractor, placed flares to warn traffic (which indicates a reasoned action on his part), and had gone to the aid of plaintiff and had advised him not to try to move. Even though the trial court was privileged to exercise a reasonable discretion in determining whether the hearsay statement was admissible as part of the res gestae, we cannot justify its admission on this basis.

Respondent also contends that the testimony was admissible under the Uniform Business Records as Evidence Law, § 490.-680, RSMo 1959, V.A.M.S. We note, however, that the report of Patrolman Gilmore was not offered or received in evidence.

The attempt to justify the admission of this testimony by reason of the above act results from an erroneous application of its principles. § 490.680 provides that "a record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." We shall assume the report of Patrolman Gilmore met these conditions. If so, this " 'eliminates the hearsay objection [to the police report] * * * but it does not make admissible any evidence which would be incompetent if offered in person.' " Qualification of the report as a business record means that there is not available the objection that the person who prepared the report is not present to be cross-examined.

It does not mean that the contents of that report are admissible in evidence even though they would not have been admissible if the person who prepared the report was testifying as to those matters he placed in the report. See Allen v. St. Louis Public Service Company, 365 Mo. 677, 285 S.W.2d 663, 55 A.L.R.2d 1022; Thomas v. Wade, Mo., 361 S.W.2d 671, 676; State ex rel. State Highway Commission v. Koberna, Mo., 396 S.W.2d 654, 666.

■ In this case the person who prepared the report was present on the witness stand testifying. The function of the report was to refresh the recollection of the witness as to the precise language used by Mr. Stecker when he made the statement. Whether Patrolman Gilmore placed the statement in his report is of no consequence except as a basis of refreshing his recollection. For the purposes of proving the truth of the facts stated, Patrolman Gilmore could not, over the objection of plaintiff testify as to what Mr. Stecker told him happened, and it is immaterial whether he was testifying solely from his recollection or after he had refreshed his recollection by referring to what he had written in his report. Over the objection of plaintiff, this testimony was not admissible on the basis that the patrolman had made a business record of the statement.

Respondent next asserts that even though the testimony was not admissible, it was not prejudicial. They argue that Patrolman Gilmore testified that at the scene he saw nothing to indicate that either plaintiff's automobile or the tractor-trailer was over the centerline, and that the patrolman was asked to read what he had been *told* by defendant and by reason of the form of the question no reasonable jury could have believed that this was what the patrolman had concluded. We note that later when Mr. Stecker was testifying he was asked on direct examination whether he had made "the statement to [Patrolman Gilmore] which he testified to here a few moments ago," and he answered that he did.

■ It has uniformly been held that incompetent evidence on a material issue is presumed to be prejudicial, Holmes v. Terminal R. R. Ass'n of St. Louis, 363 Mo. 1178, 257 S.W.2d 922, 927; Schears v. Missouri Pacific Railroad Company, Mo., 355 S.W.2d 314, 318, unless clearly shown to be otherwise, Zarisky v. Kansas City Public Service Co., 239 Mo.App. 396, 186 S.W.2d 854, and the burden of so showing is on the respondent. Schears v. Missouri Pacific Railroad Company, supra.

■ In this case the principal issue was which driver was on the wrong side of the road. That issue should have been determined by the jury from the testimony of those who had personal knowledge. Instead, before Mr. Stecker testified, counsel for respondents was permitted to show by the testimony of a highway patrolman that shortly after the accident Mr. Stecker made a statement to him, self-serving as to Mr. Stecker and hearsay as to the patrolman, that plaintiff was on the wrong side of the road. This was the crucial issue in the trial. It cannot be said that this testimony was merely cumulative to the subsequent testimony of Mr. Stecker. It was in fact corroborative, Schears v. Missouri Pacific Railroad Company, supra, 355 S.W.2d at p. 320, and it carried with it the force and weight of a highway patrolman who was acting in his official capacity when he investigated the accident and received the information to make his report. See Meyers v. Smith, Mo., 300 S.W.2d 474, 479. The admission over objection of incompetent testimony, even though to the same effect as competent testimony, has frequently resulted in the reversal of a judgment on the ground that it was prejudicial. See Schears v. Missouri Pacific Railroad Company, supra; Kitchen v. Wilson, Mo., 335 S.W.2d 38; Gough v. General Box Co., Mo., 302 S.W.2d 884; Stratton v. City of Kansas City, Missouri, Mo., 337 S.W.2d 927; Wallendorf v. Rensing, Mo., 329 S.W.2d 779; and Magill v. Boatmen's Bank, 288 Mo. 489, 232 S.W. 448. Not only have respondents failed to meet their burden of

proof to overcome the presumption that the hearsay testimony was prejudicial, we are of the opinion that it was in fact prejudicial.

The judgment is reversed and the cause remanded.

BARRETT, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.