Elizabeth GLIDEWELL and Ray Glidewell, Plaintiffs-Appellants,

v.

Veda Mae ELLIOTT,
Defendant-Respondent.

No. 11115.

Missouri Court of Appeals,
Southern District,
Division Four.

June 9, 1980.

Respondent's Motion for Rehearing and for Transfer Denied June 26, 1980.

Application to Transfer Denied
July 15, 1980.

Gary W. Allman, Cantwell, Allman & Smith, Branson, for plaintiffs-appellants.

Donald R. Duncan, Turner, Reid, Duncan & Loomer, Springfield, for defendant-respondent.

MAUS, Presiding Judge.

In the jury trial of this action the plaintiffs sought to recover damages by reason of the defendant having negligently caused a rear end collision. The plaintiff-wife sued for personal injuries and the husband for loss of consortium. The plaintiffs' verdict directing instructions submitted lookout, following too closely and the rear end collision doctrine. The defendant's contributory negligence instruction submitted a sudden slowing without an adequate and timely warning. The jury returned verdicts for the defendant. The plaintiffs' single point on appeal is that the trial court erred in permitting the defendant to introduce by the testimony of the investigating highway patrolman a self-serving statement of the defendant made to that patrolman.

At the time of the accident the plaintiff-wife (who hereafter will referred to as the plaintiff) was driving south on Highway 160 to her home north of Reeds Spring. She was followed by the defendant, who in turn was followed by witness Short. On that route the plaintiff would pass the home of her daughter who lived on the east side of the highway. The plaintiff had decided to stop if the daughter was at home.

On direct the plaintiff testified that she did see that her daughter was at home. When she did, she slowed to turn, but could not remember if she came to a complete stop. When she slowed or stopped, she was hit from the rear. She said she had turned on her left turn signal in plenty of time for it to be seen, but couldn't remember how far back. In rebuttal, she testified she turned the signal on after she passed the Coon Ridge Cafe which was about one-half mile from the scene.

The plaintiff presented the testimony of witness Short. In essence he stated that when the plaintiff was 200 to 300 feet north of her daughter's drive her left turn signal came on and the plaintiff started to slow. When the plaintiff had slowed to 5 to 10 miles per hour and had partially completed her turn, she was hit from the rear by the car of the defendant. The defendant appeared to have been looking to her right and did not slow or swerve before impact.

When the defendant's turn came, her first witness was the investigating highway patrolman. In connection with this evidence, the defendant had in her opening statement told the jury to watch for the difference in testimony concerning when the left turn signal went on. After the usual qualification and preliminaries the patrolman first testified that the defendant left 48 feet of skidmarks which veered to the left approaching the debris. He was then asked what the defendant said to him. Anticipating the answer, the plaintiffs in-

terposed an objection of hearsay, which was overruled. The patrolman testified: "She (the defendant) stated that she had been following the Glidewell vehicle for some distance with the Glidewell vehicle indicating a left turn by the proper signal, and after that I can't remember specifically what she said, but I do recall that as a true statement." The plaintiffs' request that the jury be instructed to disregard that testimony insofar as it would go to the truth of the matter stated was overruled.

The defendant then testified. She first became aware of the plaintiff about five miles north of the scene, at which time she was the fourth car behind the plaintiff. By the time the group reached the Coon Ridge Cafe the intervening cars had dropped out and the defendant was directly behind the plaintiff. The defendant stated that when she first saw the plaintiff her left turn signal was on and she followed the plaintiff a number of miles with that signal on. When the plaintiff was approximately 150 feet from the scene, traveling 40 to 45 miles per hour, the plaintiff's brake lights came on and she stopped suddenly. She also related that after the accident she went to the plaintiff's car, asked her if she knew she had her left turn signal on, to which the plaintiff replied no and reached up and turned if off.

▮ It is with this background it must be determined if the admission of the defendant's statement materially affected the merits of this action. Rule 84.13(b). The statement was made under such circumstances the defendant advisedly does not contend the statement was admissible under the res gestae exception to the hearsay rule. However, she first contends that under the "modern view," as opposed to the "orthodox view," since the declarant (the defendant) was available for cross examination, the statement was not inadmissible hearsay. It must be noted that the statement was not used for impeachment, or for rehabilitation after impeachment, see *Galovich v. Hertz Corporation*, 513 S.W.2d 325

(Mo.1974), but presented as substantive evidence. The defendant cites Rule 63(1) of the Uniform Rules of Evidence, § 503(b) of the Model Code of Evidence, and the views of 5 Wigmore, Evidence, (Chadbourne Rev.) § 1362 and McCormick on Evidence (2nd Ed.), an imposing array of authorities. However, our Supreme Court en banc has rejected the modern view and adhered to "the basics of the orthodox view." *State v. Granberry*, 491 S.W.2d 528, 531 (Mo.banc 1973). Also see *State v. Kinne*, 372 S.W.2d 62 (Mo.1963). Even if this court were inclined to adopt the modern view, which it is not, under the controlling decisions of this state, the extrajudicial statement of the defendant was inadmissible hearsay. *State v. Granberry*, supra; *Sander v. Callahan*, 351 S.W.2d 691 (Mo.1961); *Wallendorf v. Rensing*, 329 S.W.2d 779 (Mo.1959).

▮ The defendant next contends that even if the statement is hearsay, it is so vague that it does not conflict with the testimony of any other witness and therefore is not prejudicial. If the statement was reviewed in the abstract that contention might be considered. But, in this case the issue concerning the distance the left turn signal was on had been clearly drawn. At the outset the defendant alerted the jury to watch for the difference in testimony concerning that issue. The plaintiff had stated she didn't know when she turned the signal on. Witness Short said it was turned on 200 to 300 feet from the scene. The defendant first used the testimony of the patrolman of 48 feet of skidmarks to impeach witness Short's observation the defendant did not slow or swerve. Then she introduced her extrajudicial statement that she had followed the plaintiff for "some distance" with the plaintiff's left turn signal on. In this context the extrajudicial statement did conflict with the testimony of witness Short. Considering the subsequent testimony of the defendant that she had followed the plaintiff for several miles with the plaintiff's left turn signal on, the conflict with the Short testimony and plain-

tiff's rebuttal testimony becomes even more apparent.

Along the same line the defendant argues that the statement was not prejudicial because the defendant testified to substantially the same thing and the statement did not materially affect the merits of the action. *Jefferson v. Biggar,* 416 S.W.2d 933 (Mo. 1967), cited by the defendant, may be distinguished because self-serving hearsay statements of both the plaintiff and defendant were before the jury. The other cases cited by the defendant have been considered and are not persuasive. The circumstances of this case are remarkably similar to those in *Hamilton v. Missouri Petroleum Products Co.,* 438 S.W.2d 197 (Mo. 1969). As conceded by the defendant in her brief, "the turn signal question clearly bears" on the issue of a sudden slowing without adequate and timely warning. "That issue should have been determined by the jury from the testimony of those who had personal knowledge." *Hamilton* p. 201. Also paraphrasing the dispositive portion of the Hamilton opinion, "Instead, before [Mrs. Elliott] testified, counsel for respondents was permitted to show by the testimony of a highway patrolman that shortly after the accident [Mrs. Elliott] made a statement to him, self-serving as to [Mrs. Elliott] and hearsay as to the patrolman, that plaintiff [had her left turn signal on for some distance]. This was the crucial issue in the trial. It cannot be said that this testimony was merely cumulative to the subsequent testimony of [Mrs. Elliott]. It was in fact corroborative . . . and it carried with it the force and weight of a highway patrolman who was acting in his official capacity when he investigated the accident and received the information to make his report." *Hamilton,* p. 201. The admission of this hearsay testimony was prejudicial error. *Hamilton v. Missouri Petroleum Products Co.,* supra, 438 S.W.2d 197 (Mo.1969); *Wallendorf v. Rensing,* supra, 329 S.W.2d 779 (Mo.1959); *Stratton v. City of Kansas City, Missouri,* 337 S.W.2d 927 (Mo.1960); *Scherffius v. Orr,* 442 S.W.2d

120 (Mo.App.1969). The judgment is reversed and the cause remanded.

GREENE and PREWITT, JJ., concur.