Elmer MOSS, Appellant,

v.

GREYHOUND LINES, INC., and Stephen Ellis Scott, Respondents.

Nos. 40380, 40458.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 7, 1980.

Friedman, Weitzman & Friedman, St. Louis, for appellant.

Robert M. Paskal, Clayton, George J. Miller, St. Louis, for respondents.

PUDLOWSKI, Judge.

Plaintiff Elmer Moss appeals from a jury verdict in favor of defendant Greyhound Bus Lines and a directed verdict in favor of defendant Stephen Scott.

Plaintiff's pertinent evidence regarding defendant Scott showed that on a dark and rainy morning plaintiff Moss was traveling west on Interstate 70 in St. Louis. Noticing that all traffic ahead of him had stopped, Moss brought his automobile to a halt about 35 to 40 feet behind the standing traffic. After remaining in this position for about aminute, Moss' automobile was struck violently from the rear three successive times by another vehicle. Each of the three impacts caused Moss' head to snap backward and forward. It developed at trial that Moss was struck by defendant Scott's auto. Scott, driving in the passing lane, passed a Greyhound bus driven by Frank Crawford. Upon seeing the standing traffic Scott moved into the middle lane. The record shows that he stopped in the middle lane directly behind the plaintiff. A Greyhound bus then struck Scott's vehicle from the rear. The force of this collision caused Scott's foot to rest on his accelerator, propelling him into plaintiff's automobile three times.

Moss sued both Scott and Greyhound. At the close of plaintiff's case defendant Scott moved for a directed verdict on the ground that plaintiff had failed to make a submissible case of negligence. This motion was sustained as to defendant Scott. The jury found in favor of defendant Greyhound.

Plaintiff's appeal alleges five points of error. Plaintiff's first contention is that the trial court erred in sustaining defendant Scott's motion for directed verdict. Plaintiff contends that granting the motion was error because he made a submissible prima facie case in that defendant Scott negligently moved his vehicle from the passing lane to the middle lane. In reviewing this point we must examine the evidence in the light most favorable to plaintiff. Further, we must give plaintiff the benefit of all favorable inferences that can be reasonably derived from the evidence. *Epple v. Western Auto Supply Co.*, 548 S.W.2d 535, 538 (Mo.1977). In so doing we find competent evidence adduced at trial is insufficient to establish that defendant Scott changed lanes when it was not safe to do so.[1]

Plaintiff's second contention is that the trial court erred by allowing counsel for defendant Greyhound to make improper remarks in closing argument concerning defendant Scott's image, appearance and personality. From our reading of the trial record we think these references concerning defendant Scott exceeded the bounds of propriety. The references pertaining to defendant Scott were improper because they were not directed to an issue relevant in the lawsuit nor were they comments on the evidence or inferences drawn therefrom. *Handshy v. Nolte Petroleum*,

421 S.W.2d 198, 201 (Mo.1967). However, the trial court, having the opportunity to hear counsel argue is vested with wide discretion in determining the prejudicial effect of improper remarks. *McCandless v. Manzella*, 369 S.W.2d 188, 190 (Mo.1963). There being no abuse of discretion demonstrated we refuse to reverse on the ground asserted in plaintiff's second point on appeal.

Plaintiff's third assignment of error is that the trial court prejudicially erred in allowing counsel for defendant Greyhound to make the following argument to the jury:

> This case, as Mr. McLaughlin has told you, will end today, and you ladies and gentlemen have to make that determination, first of all, the issue of liability, and you are not to take into consideration whatsoever the sympathy towards any of the parties. That would also apply to Greyhound Lines. At the same time, you are to make that decision without a determination of well, Greyhound is a corporation.
>
> There is more to it than that, ladies and gentlemen. You have to come back into this courtroom and tell us your decision, and I can assure you that Mr. Crawford, he has an interest in this case. He is going to be here also, and he is going to be standing with me.

Mr. McLaughlin: Your Honor, I wish you would instruct the jury that Mr. Crawford has no, absolutely no interest in this case as a matter of law, and I would ask that you instruct the jury accordingly in view of that comment.

The Court: Closing arguments, gentlemen.

---

1. The only evidence submitted by plaintiff in the record from which negligence could have been inferred is the testimony of Officer William Daugherty, a St. Louis Police Department detective. The officer did not witness the accident, but arrived at the scene shortly thereafter. The officer investigated the accident and in so doing spoke with the drivers of all three vehicles. The substance of Officer Daugherty's conversation with Frank Crawford, the bus driver, was elicited by counsel for defendant Greyhound and timely objected to by plaintiff's

counsel. Under the well settled rule of this state Officer Daugherty's testimony concerning his conversation with Frank Crawford, offered for the truth of the facts asserted, constituted inadmissible hearsay. *State v. Granberry*, 491 S.W.2d 528, 531 (Mo. banc 1973), *State v. Kinne*, 372 S.W.2d 62, 68 (Mo.1963), *Glidewell v. Elliott*, 600 S.W.2d 701, (Mo.App.1980). We will not rely on the inadmissible testimony in determining whether the trial court erred in sustaining defendant Scott's directed verdict.

Mr. Miller: Tomorrow Mr. Crawford will be taking out another bus and I think he has the right and the assurance, and I think he has the right to proceed down that highway knowing he is a safe driver, that he won't be second guessed when he makes his best judgment, I would ask you when you go up there and make your decision to do so fairly and according to law, and to fulfill your duty * * *.

■ Plaintiff argues that the above argument was improper because Mr. Crawford, the bus driver, was not a party to the suit, and therefore counsel's remark that Mr. Crawford had an interest in the outcome of the litigation constituted prejudicial error. Obviously counsel did refer to an "interest" which Mr. Crawford may have had in the case. It is our opinion that such reference was merely intended as an expression of "concern." Therefore, we conclude that the above comments do not indicate that Mr. Crawford had a legal interest in the case but merely a concern in the popular sense of the word. Cf. *City of Advance v. Maryland Casualty Co.*, 302 S.W.2d 28 (Mo.1957) (where argument regarding the respective interests, rights and liabilities of defendant was found to be improper and prejudicial).

Plaintiff also contends that the sole reason counsel for Greyhound made the above quoted argument was to appeal to the sympathy of the jury and to invite them to put themselves in the place of the defendant. Such a practice is uniformly condemned. *Fischer v. Williams*, 327 S.W.2d 256, 263 (Mo.1959); *Faught v. Washam*, 329 S.W.2d 588, 604 (Mo.1959). However, a careful reading of the argument complained of in the case at bar, does not reveal a plainly urgent and manifestly improper position. *Redick v. M. B. Thomas Auto Sales*, 273 S.W.2d 228, 238 (Mo.1954). First, argument of defendant Greyhound's counsel at no point invited the jury to place themselves in Mr. Crawford's or Greyhound's position. Therefore it may not be said that the trial court abused its discretion in overruling an objection because of this alleged impropriety. *Schroeder v. Wells*, 298 S.W. 806, 815 (Mo.1927).

■ Plaintiff's fourth contention is that the trial court erred in refusing to allow plaintiff to reopen his case against defendant Scott. The record shows that after plaintiff had concluded his case defendant orally moved for a directed verdict. Before considering the motion the jury was excused for noon recess. After hearing arguments from both counsel based upon evidence adduced, the court granted defendant Scott's motion. Subsequent to the judge retiring to his chambers, counsel for defendant Greyhound and counsel for plaintiff requested the court to reconsider the motion. He declined. At that time plaintiff orally requested for leave of court to reopen his case against defendant Scott and to call Frank Crawford, the bus driver, as a witness for the purpose of showing Scott's negligence in changing lanes. The trial court refused plaintiff's request to reopen. Generally, the decision of whether to allow a party to reopen is within the sound discretion of the trial court. *Long v. Thompson*, 353 Mo. 531, 183 S.W.2d 96, 98 (1944). However, our Supreme Court has stated that "[w]hen there is no inconvenience to the court or unfair advantage to one of the parties, there is an abuse of discretion and a new trial will be directed upon a refusal to reopen a case and permit the introduction of material evidence, that is evidence that would substantially offset the merits of the action and perhaps alter the court's decision." *Pride v. Lamberg*, 366 S.W.2d 441, 445 (Mo.1963). It has further ruled that the trial court within its discretion may reopen the case after a motion for a directed verdict has been sustained. *Smith v. Dilschneider*, 283 S.W.2d 631, 635 (Mo.1955). Here the plaintiff offered as material evidence the testimony of Mr. Crawford, defendant Greyhound's bus driver, that defendant Scott negligently changed lanes causing the bus and Scott's car to collide and in turn strike plaintiff's automobile. Since we believe that such testimony is material evidence to show Scott's alleged negligence and would perhaps alter the court's decision, we hold that under these

circumstances, the court abused its discretion. We further hold that no undue advantage would have accrued to appellant if the court would have allowed him to reopen his case. All parties were present, the witness was immediately available and from the record there was no evidence of any inconvenience to the court.

Interlaced with appellant's fourth point is his final contention that should he be granted a new trial against defendant Scott, then he should be granted a new trial against Greyhound. Plaintiff, citing *Overtrop v. Bi–State Development Agency*, 521 S.W.2d 488 (Mo.App.1975), contends that the error of failing to reopen and allowing Frank Crawford to testify during plaintiff's case against defendant Scott so thoroughly vitiated the judgment in favor of defendant Greyhound that the infirmity can only be cured by awarding a new trial against both defendants. We do not agree. The same testimony excluded during plaintiff's case against Scott (see page 2 of this opinion) was elicited during the case against Greyhound. The bus driver testified fully on behalf of defendant Greyhound during its case as to his knowledge of the facts surrounding the accident. At that time plaintiff's counsel thoroughly cross–examined him. Plaintiff had the opportunity to use Crawford's testimony which included evidence of defendant Scott's actions to prove Greyhound's negligence. The jury was able to weigh and consider all of the evidence in rendering its verdict. Thus, we do not believe the error of failing to reopen vitiated the judgment in favor of defendant Greyhound.

It is a settled rule that a new trial can be limited to less than all the issues presented at the original trial when the new trial, limited to the remaining issues, would not result in prejudice or injustice to a party. *Arsteir v. Pallo*, 388 S.W.2d 877, 882 (Mo. banc 1965). In the present case no prejudice or injustice will result to any of the remaining parties by limiting the new trial to the issue of defendant Scott's negligence.

Because of the error hereinabove noted, judgment in favor of defendant Stephen E. Scott is reversed and remanded for a new trial and the judgment is otherwise affirmed.

GUNN, P. J., and STEPHAN, JJ., concur.