WEST FOREST CORPORATION,
Plaintiff-Respondent,

v.

TIMBER RUN DEVELOPMENT COM-
PANY, Defendant-Appellant.

No. 45602.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 17, 1984.

Ziercher, Hocker, Human, Michenfelder, Nations & Jones, Robert C. Jones, Clayton, for defendant-appellant.

Raskas, Ruthmeyer, Pomerantz & Wynne, Jerome F. Raskas, Jay E. Sushelsky, St. Louis, for plaintiff-respondent.

DOWD, Chief Judge.

Plaintiff, West Forest Corporation (West Forest), brought an action in two counts against defendant, Timber Run Development Company (Timber Run), arising from an alleged breach of an option to sell certain real property.

The facts involved in the transaction are essentially undisputed. A group of investors, who later become the principals in the subsequently incorporated West Forest, assembled to purchase 18.5 acres of unimproved land. One of the investors, Edwin Hudspeth, purchased the subject property. He also entered into an option contract with defendant, Timber Run, giving him the option to sell the 18.5 acre tract to Timber Run for $170,000.00 plus certain costs incurred in the purchase of said property. He then conveyed both the land and the option contract to West Forest. West Forest exercised its rights under said contract but Timber Run refused to purchase the property. Plaintiff sought specific performance of the options contract plus incidental damages. Defendant made no request for a jury trial on the legal issues and the case was submitted to the court. After submission, but before entry of judgment, plaintiff sold the subject property to a third party and voluntarily dismissed the first count seeking specific performance. The court subsequently found in favor of the plaintiff on Count II of its petition and awarded damages. Pursuant to defendant's motion, the court granted a new jury trial on the issue of damages alone resulting in a verdict of $35,814.23 in favor of the plaintiff. De-fendant contends the court erred in three respects. We affirm.

In its first point, defendant claims the trial court erred in failing to grant defendant's motion for new trial "in toto" in that they were entitled to a jury trial on the issue of liability for the alleged breach as well as damages. In support of this, defendant argues that the case was submitted solely on the issue of specific performance and that by its actions, the court converted a strictly equitable proceeding into a legal proceeding for breach of contract without the benefit of a jury trial.

While plaintiff's opening statement appears to deal solely with the equitable issue, there was never an election of remedies made before their submission to the court and defendant made no request to limit the trial to specific performance. As such, it appears both issues were submitted to the court. The trial court once having obtained jurisdiction had the power to grant all relief within fair intendment of the pleadings, which is sustained by the evidence including rendering a money judgment. *Jenni v. Gamel,* 602 S.W.2d 696, 701 (Mo.App.1980); *Metropolitan Sewer District v. Zykan,* 495 S.W.2d 643, 658 (Mo.1973).

The question here, therefore, is not whether it was proper for the court to determine defendant's liability without benefit of a jury trial but whether the defendant, when given the opportunity in its post-trial motions, requested a jury trial on liability as well as damages. Defendant made a motion to amend the judgment which was denied along with a motion for a new trial and a request for a jury trial on damages where it argued there was no evidence to support said judgment. Pursuant to this, the court granted defendant a new jury trial on damages alone. Nowhere did the defendant request a jury trial on liability and by entering into the new trial solely on the damages issue, defendant, in effect, waived his right to a jury trial on the liability issue. Rule 69.01 V.A.M.R.

The trial court in its discretion could have granted a new jury trial on both issues.

Rule 78.01 V.A.M.R. However, in limiting it to a jury trial on damages alone, the court was simply complying with defendant's request and was required to do no more. Defendant cannot now complain when it received a new jury trial on damages, which was all the relief it requested. Also see *Moss v. Greyhound Lines, Inc.,* 607 S.W.2d 192 (Mo.App.1980). The trial court was correct in its ruling and defendant's first point is denied.

In its second point, Defendant, Timber Run, contends the trial court erred in refusing to instruct the jury that the testimony of plaintiff's expert witness, O'Toole, was withdrawn and in overruling its motion for a directed verdict at the close of all the evidence. Defendant argues it was plaintiff's burden to prove damages and that since O'Toole's testimony along with that of Mr. Shapiro's were totally beyond the realm of reasonable opinion and contrary to the court's ruling as to the contract price expressed in the option contract, the jury verdict cannot stand.

■ At trial, defendant maintained the contract price was $170,000.00 plus the additional expenses incurred by plaintiff up to the date of closing totalling $221,814.23. Conversely, plaintiff and O'Toole contended the contract price was actually $170,000.00 and that the additional expenses should be considered a separate item. Mr. Shapiro testified the property had a fair market value of $150,000.00 at the time of the breach. The trial court subsequently ruled as a matter of law that the total contract price was in fact $221,814.23. Due to this finding, defendant argues O'Toole's testimony was based on an incorrect legal characterization of the contract and should therefore have been withdrawn. While O'Toole may have been mistaken in his legal conclusion, this does not affect the remainder of his testimony concerning fair market value and costs incurred prior to closing. We do not believe the jury was confused by the evidence and it was within the province of the jury to determine its validity.

■ We also find the trial court was correct in denying defendant's motion for a directed verdict. There were disputed facts in this case which could have sustained plaintiff's cause and as such it would have been error to direct a verdict against plaintiff. *Palermo v. Cottom,* 525 S.W.2d 758 (Mo.App.1975). Point denied.

Finally, defendant claims the trial court erred in finding that a valid and enforceable contract existed since plaintiff never obtained proper legal title to the property and was therefore unable to convey legal title on the closing date. Even though it relies on this assertion, defendant, Timber Run, fails to cite any evidence in the record to support it and our review of said record revealed no evidence that West Forest was incorporated after the original conveyance. This being the case, defendant's point is denied.

The judgment is affirmed.

SNYDER, P.J., and GAERTNER, J., concur.