In Re ESTATE OF George E.
MAPES, Deceased.

William L. CROOKS, et al., Appellants,

v.

James T. HOLCOMB, et al.,
Respondents.

No. 69135.

Supreme Court of Missouri,
En Banc.

Oct. 13, 1987.

Rehearing Denied Nov. 17, 1987.

Charles A. Powell, Jr., Macon, for appellants.

Ralph Max Humphreys, Trenton, for respondents.

BILLINGS, Chief Justice.

Plaintiffs are heirs at law and residuary legatees under the will of George E. Mapes. They appeal from an order of the trial court directing a verdict for defendants James and John Holcomb in an action to discover estate assets. The Missouri Court of Appeals, Western District, affirmed. Transfer was granted to examine the standard of proof required to establish a presumption of fraud and undue influence where money or property is transferred from a client to his attorney via a joint account. Reversed and remanded.

Decedent George E. Mapes died October 25, 1980. His will dated January 10, 1980, and a codicil dated October 23, 1980 were admitted to probate. Defendant James Holcomb, a Missouri lawyer, drew the will and codicil. James Holcomb was named executor in the will and his brother, defendant John Holcomb, was named alternate executor. Defendants were grand-nephews of the decedent but were not named as beneficiaries in the will. The decedent's brothers and sisters and their descendants were the named residuary legatees.

Probate assets consisted of real estate valued at $95,000.00 and personal property valued at $52,044.00. In addition, the decedent left joint deposits totaling $124,554.00 in his name and James and/or John Holcomb as survivors. Upon discovery of these non-probate assets, the plaintiffs' commenced this suit to have the joint accounts included in Mapes' estate.

At trial, plaintiffs' contended the joint deposits to attorney James Holcomb and his brother were the product of fraud and undue influence. They claimed that a presumption of fraud and undue influence arises when a client transfers money or property to his attorney. At the close of plaintiffs' case the trial court directed a verdict for the defendants. The court concluded plaintiffs failed to meet their burden of proving fraud or undue influence and

also failed to establish that the transfer to the Holcombs was made during the course of an attorney-client relationship between George Mapes and James Holcomb. During argument on the motion for a directed verdict plaintiffs' requested leave to reopen their case. Plaintiffs sought to introduce defendants' answers to interrogatories and to call defendant James Holcomb to the witness stand in order to show the existence of an attorney-client relationship at the time the joint accounts were created. The court denied the request.

■ Maintenance of joint accounts is conclusive evidence, absent proof of fraud or undue influence, that the accounts are the property of the joint tenants and that title passes to the survivor. Section 362.-470.1, RSMo 1986; *Pollock v. Brown*, 569 S.W.2d 724, 731 (Mo. banc 1978); *In re Estate of LaGarce*, 487 S.W.2d 493, 500–01 (Mo. banc 1972). The conclusive presumption of joint tenancy, however, is subject to rebuttal on proof of fraud or undue influence. *In re Estate of Hayes*, 658 S.W.2d 956, 958 (Mo.App.1983).

■ Where a gift of money or property is made by a client to his attorney during the course of the attorney-client relationship, a rebuttable presumption of fraud and undue influence is established. In *Laspy v. Anderson*, 361 S.W.2d 680 (Mo.1962), this Court stated:

Public policy dictates the necessity to protect the confidential and fiduciary attorney-client relationship. Consequently when a conveyance from a client to an attorney is attacked it is considered presumptively fraudulent and the burden is on the attorney to prove by convincing evidence that the transaction evidenced by the conveyance, as well as the conveyance itself, was fair and equitable in every respect.

*Id.* at 682. This rule is not restricted to dealings involving transactions in which the attorney is representing the client, but extends to all transactions where the relationship between the parties would give the attorney some advantage over the client.

*Flanagan v. DeLapp*, 533 S.W.2d 592, 596 (Mo. banc 1976).

■ Defendants rely on cases which hold that to establish a presumption of fraud and undue influence the challenging party must also prove that the transfer was the result of some active effort on the part of the beneficiary to obtain the gift. *See Pasternak v. Mashak*, 392 S.W.2d 631 (Mo. App.1965); *In re Patterson's Estate*, 383 S.W.2d 735 (Mo.1964); *Flynn v. Union National Bank of Springfield*, 378 S.W.2d 1 (Mo.App.1964); and *Michaelson v. Wolf*, 264 Mo. 356, 261 S.W.2d 918 (1953). These cases, with the exception of *Pasternak*, involved gifts made to lay person fiduciaries, not to attorneys, and are inapplicable here. *Pasternak* applied the lay person fiduciary standard to a gift made to an attorney in a will. This Court declines to follow *Pasternak* and reaffirms the general rule set out in *Laspy*. Where a transfer is made from a client to an attorney, in the course of the attorney-client relationship, the attorney should bear the burden of proving that the transaction was fair, irrespective of whether he actively procured the gift. Attorneys should be held to a higher standard than lay fiduciaries.

In this case, decedent Mapes established several joint accounts for the benefit of the brothers Holcomb. These transfers, if made during the course of an attorney-client relationship between Mapes and James Holcomb, were presumptively fraudulent. If the presumption was established, the plaintiffs made out a prima facie case precluding the trial court from directing a verdict for the defendants. *Cuthbert v. Heidsieck*, 364 S.W.2d 583, 587 (Mo.1963). The record reveals some evidence of a continuing attorney-client relationship between George Mapes and James Holcomb during 1980, the year of Mapes' death, but does not clearly disclose when the joint accounts were established.

■ When ruling on a defendant's motion for a directed verdict at the close of the plaintiff's evidence, the trial court must view the evidence in the light most favorable to the plaintiffs and they should receive the benefit of all reasonable inferences. *Epple v. Western Auto Supply Company*, 548 S.W.2d 535, 538 (Mo. banc 1977); *Lathrop v. Rippee*, 432 S.W.2d 227, 231 (Mo.1968). A cause may not be withdrawn from the jury unless the facts and the reasonable inferences which may be drawn are so strongly against the plaintiff as to leave no room for reasonable minds to differ. *Gold v. Heath*, 392 S.W.2d 298 (Mo. 1965).

Here, the plaintiffs' presented some competent evidence establishing that a gift was made by the decedent to James Holcomb during the course of a continuing attorney-client relationship. This Court need not decide whether the plaintiffs' presented sufficient evidence to establish a presumption of fraud and undue influence, which would take them to the jury, because the trial court erred in denying plaintiffs leave to reopen their case for the presentation of additional evidence.

■ Generally, the decision to allow a party to reopen is within the sound discretion of the trial court. *Landau v. Laughren*, 357 S.W.2d 74, 82 (Mo.1962); *Crossroads Economic Development Corp. v. West*, 704 S.W.2d 302, 303 (Mo.App.1986). However, in *Pride v. Lamberg*, 366 S.W.2d 441 (Mo.1963), this Court held that "when there is no inconvenience to the Court or unfair advantage to one of the parties, there is an abuse of discretion and a new trial will be directed upon a refusal to reopen a case and permit the introduction of material evidence, that is evidence that would substantially affect the merits of the action and perhaps alter the Court's decision." Id. at 445. See also *Moss v. Greyhound Lines, Inc.*, 607 S.W.2d 192 (Mo. App.1980).

Under the holding in *Pride*, plaintiffs should have been permitted the opportunity to reopen their case at trial. Plaintiffs sought to examine defendant James Holcomb and admit his answers to interrogatories for the purpose of establishing that an attorney-client relationship existed between Mapes and Holcomb at the time the joint deposits were created. By establishing this fact, the plaintiffs could have avoided a directed verdict. Thus, the evidence

which they sought to present was clearly material and possibly outcome determinative. Furthermore, granting leave to reopen would not have inconvenienced the court or prejudiced the defendants given the fact that the request was made prior to the granting of a directed verdict, and, at a time when the jury and witnesses were readily available. If a plaintiff, by mistake or inadvertence, fails to produce sufficient evidence at trial to prove his claim, in a situation where the proof seems to be available, the case should be remanded to permit the introduction of additional evidence. *See State ex rel. Division of Family Services v. Standridge,* 676 S.W.2d 513, 517 (Mo. banc 1984); *Union Savings Bank v. Cassing,* 691 S.W.2d 513, 515–16 (Mo.App. 1985).

Here, plaintiffs' mistakenly believed that the trial court would recognize a presumption of fraud and undue influence which would allow them to take their case to the jury. As a result they earlier failed to call and examine defendant James Holcomb or introduce his answers to interrogatories. Plaintiffs should be given an opportunity to present such evidence at trial.

The judgment of the trial court is reversed and the case is remanded for a new trial.

All concur.